IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., AND OFFICER CASSANDRA BENNETT-BAGORIO,<br><br>      Plaintiffs,<br><br>V.<br><br>HONOLULU POLICE DEPARTMENT, CITY AND COUNTY OF HONOLULU, FORMER CHIEF OF POLICE BOISSE CORREA, CURRENT CHIEF OF POLICE LOUIS KEALOHA, ASSISTANT CHIEF MICHAEL TAMASHIRO, MAJOR KENNETH SIMMONS, MAJOR JOHN MCENTIRE, CAPTAIN NYLE DOLERA, LIEUTENANT MICHAEL SERRAO, LIEUTENANT DAN KWON, LIEUTENANT WILLIAM AXT, LIEUTENANT WAYNE FERNANDEZ, SERGEANT RALSTON TANAKA, OFFICER COLBY KASHIMOTORO, PAT AH LOO, AND Does 1-100,<br><br>      Defendants. | CIVIL NO. 10-00087 SOM/RLP<br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING CITY DEFENDANTS' MOTION TO TRIFURCATE CASE |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
DENYING CITY DEFENDANTS' MOTION TO TRIFURCATE CASE

I.    INTRODUCTION.

On May 19, 2011, Defendant City and County of Honolulu moved to trifurcate Plaintiffs' lawsuit. On June 30, 2011, after a hearing on the matter, Magistrate Judge Richard L. Puglisi denied the motion, concluding that Defendants had not

demonstrated the need to trifurcate as required by Rules 20(b) and 42(b) of the Federal Rules of Civil Procedure.

Defendant City and County of Honolulu ("City") now objects to that order, arguing that Magistrate Judge Puglisi's order was clearly erroneous. The City argues that fairness and equity require that the three Plaintiffs' cases be separated. This court is unpersuaded and affirms Magistrate Judge Puglisi. Pursuant to Local Rule 7.2(d), this court finds this matter suitable for disposition without a hearing.

II.     BACKGROUND FACTS.

Sergeant Shermon Dean Dowkin ("Dowkin") and Officer Federico Delgadillo Martinez, Jr. ("Delgadillo") of the Honolulu Police Department ("HPD") allege that, between 2003 and 2008, their supervisors and fellow officers gave direct orders and conspired not to provide them protective "cover" or "backup" when they arrested persons in the field. See First Am. Compl. ¶¶ 24, 27, ECF No. 5. Dowkin is allegedly the only African-American supervisor, and Delgadillo is allegedly the only Mexican-American officer in the First Watch of District 4. Id. ¶ 28.

Dowkin and Delgadillo's ongoing requests for assistance were allegedly "routinely ignored" by Defendants who were purportedly "motivated by racial prejudice." Id. ¶ 29. Dowkin and Delgadillo claim that this was designed or accomplished with a reckless disregard for their physical safety and that, when

2

they complained about race discrimination, retaliation also motivated Defendants. Id. Dowkin and Delgadillo further allege that, after they filed formal written complaints with HPD, retaliation immediately commenced. Id.

Officer Cassandra Bennett-Bagorio ("Bennett-Bagorio") provided testimony allegedly supporting Dowkin and Delgadillo's claims of race discrimination and of purported failure to provide cover on traffic stops. Id. ¶ 32. Bennett-Bagorio alleges that, as a result of her testimony and her gender, Defendants retaliated against her. Defendants allegedly failed to provide her with backup on traffic stops, denied her critical training, humiliated her in front of her peers, and isolated her from normal workplace social contact. Id.

III. LEGAL STANDARD.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.1, a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

3

mistake has been committed."); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed.").

IV.   ANALYSIS.

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues. . . .

Fed. R. Civ. P. 42(b). The decision whether to try matters separately is within a court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). Separate trials, however, are the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, separate trials to further convenience or avoid prejudice. See id.; see also Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]"). Moreover, a court's decision to sever claims or trifurcate the case will not be overturned absent an abuse of that discretion. See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005).

4

Based on his review and consideration of the pleadings and oral arguments of the parties, Magistrate Judge Puglisi ruled that Defendants had failed to meet their burden of proving that trifurcation would promote judicial economy and avoid inconvenience or prejudice to the parties. See Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992).

As Magistrate Judge Puglisi recognized, "the facts and legal issues involved in Plaintiffs' cases are sufficiently intertwined such that it is appropriate to keep them together as one action." Order at 6, ECF No. 140. All three officers' discrimination claims are connected in a way that would cause the evidence at trial to overlap substantially. The alleged discrimination and retaliation against Bennett-Bagorio, for instance, allegedly resulted directly from her testimony in support of Dowkin and Delgadillo's joint racial discrimination claims.

This court agrees with Magistrate Judge Puglisi. Trifurcation would cause plaintiffs to have to present the same evidence at three trials. This would create excess work and expense for the parties, witnesses, counsel, and the court.

In their pending Objections, Defendants have raised the same arguments they presented to Magistrate Judge Puglisi (i.e., trifurcation is necessary to promote judicial economy, to avoid

5

prejudice to the City, and to prevent jury confusion).  See Obj. at 8-13, ECF No. 149.  The court is persuaded by Magistrate Judge Puglisi's conclusion that trifurcation is unwarranted, and that Defendants will not be unduly prejudiced.  Overall, the factors of substantially overlapping evidence, judicial economy, and convenience to the parties, witnesses, and counsel weigh in favor of Plaintiffs.  This court agrees with and adopts the rationale and conclusions espoused by Magistrate Judge Puglisi in his Order.

A district judge should only reverse a magistrate judge's ruling on a nondispositive matter such as a motion to trifurcate if the ruling is clearly erroneous or contrary to law.  See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002) ("A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'"); Lovell v. United Airlines, Inc., 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) ("Under the 'clearly erroneous' standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is 'left with the definite and firm conviction that a mistake has been committed.'") (citations omitted).  Defendants do not establish that a mistake has clearly been committed.  See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001).  Accordingly, Magistrate Judge Puglisi's ruling is affirmed.

V.	CONCLUSION.

For the foregoing reasons, the court affirms the Magistrate Judge's Order Denying City Defendants' Motion to Trifurcate Case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 22, 2011



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dowkin v. Honolulu Police Department, Civ. No. 10-00087 SOM/RLP; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING CITY DEFENDANTS' MOTION TO TRIFURCATE CASE.