```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

SHERMON DEAN DOWKIN, et al.,   )   CIV. NO. 10-00087 SOM/RLP
                               )
          Plaintiffs,          )
                               )   AMENDED ORDER GRANTING
     vs.                       )   ALTERNATIVE RELIEF SOUGHT IN
                               )   MOTION TO RECONSIDER
HONOLULU POLICE DEPARTMENT;    )   DISMISSAL OF COUNT VIII
CITY AND COUNTY OF HONOLULU;   )   (CIVIL CONSPIRACY)
BOISSE CORREA, et al.,         )
                               )
          Defendants.          )
_____)
```

AMENDED ORDER GRANTING ALTERNATIVE RELIEF SOUGHT IN MOTION
TO RECONSIDER DISMISSAL OF COUNT VIII (CIVIL CONSPIRACY)

Plaintiffs move for reconsideration of a portion of the Order Partially Granting and Partially Denying Defendants' Motion for Dismissal of Second Amended Complaint.  In particular, Plaintiffs seek reinstatement of Count VIII, alleging civil conspiracy, which this court dismissed as against all Defendants except Lieutenant Dan Kwon and Sergeant Wayne Fernandez.  In the alternative, Plaintiffs seek leave to include an amended Count VIII in a proposed Third Amended Complaint.  The court declines to reinstate the portion of Count VIII that was dismissed but gives Plaintiffs leave to include an amended Count VIII in a proposed Third Amended Complaint.

Local Rule 60.1 provides that motions to reconsider interlocutory orders may be brought only on the ground of (a) the discovery of new material facts no previously available, (b) an

intervening change in the law, or © a manifest error of law or fact.  Plaintiffs' reconsideration motion asserts a manifest error of law or fact.  Under Local Rule 60.1, a motion asserting that ground must be filed and served "not more than fourteen (14) days after the court's written order is filed."  Plaintiffs' reconsideration motion was untimely, having been filed on September 21, 2011, more than fourteen days after the court filed its order on September 2, 2011.  The court nevertheless, in the interest of justice, considers the arguments Plaintiffs raise.

In dismissing part of Count VIII, the court noted that it had earlier rejected Defendants' argument that the civil conspiracy claim pled in the First Amended Complaint failed to state a claim.  After Plaintiffs filed a Second Amended Complaint that also included a civil conspiracy claim, Defendants sought dismissal of the reasserted civil conspiracy count, arguing that it was unclear what each Defendant other than Kwon and Fernandez had done in the nature of conspiring.  In dismissing the civil conspiracy claim against all Defendants other than Kwon and Fernandez, the court said, "As Plaintiffs do not address this argument in their Opposition, they appear to have no objection.  On that ground, the court dismisses Count VIII except with respect to Kwon and Fernandez."

Plaintiffs seek reconsideration on the ground that they did indeed object to dismissal of the civil conspiracy count.

They point out that their memorandum opposing the motion to dismiss contended that Defendants were improperly seeking reconsideration of the court's previous ruling declining to dismiss the civil conspiracy claim.  The reconsideration motion also notes that Plaintiffs' opposition memorandum stated, "As to Defendants' argument that only Defendants Kwon and Fernandez should be subject to this cause of action, there are specific factual allegations in the SAC against all individual Defendants. See Second Amended Complaint."

To the extent Plaintiffs are seeking reconsideration on the ground that their memorandum in opposition to the motion to dismiss did indeed argue that Defendants were improperly seeking reconsideration of the court's earlier refusal to dismiss the civil conspiracy claim asserted in the First Amended Complaint, the court is not persuaded.  Plaintiffs' bald allegation of impropriety is unaccompanied by any analysis or citation.  A bald allegation is tantamount to a lack of opposition.  An opposition memorandum consisting only of the assertion that a motion is improper does not require the court to try to discern any impropriety that might be gleaned from the record.

Moreover, the assertion that Defendants were somehow improperly seeking reconsideration is not only unsupported, it is inaccurate.  In moving to dismiss the civil conspiracy claim asserted in the Second Amended Complaint, Defendants took a new

3

approach.  They did not seek dismissal of the civil conspiracy claim in its entirety on the ground that it failed to state a claim, which is what they argued in seeking dismissal of the civil conspiracy claim in the First Amended Complaint.  Instead, they did not challenge the civil conspiracy claim as asserted against Kwon and Fernandez in the Second Amended Complaint.  They argued, however, that other Defendants could not determine what specific acts were being alleged against them in the nature of civil conspiracy.  This was a new argument, not a repetition of an already rejected argument.  There was no impropriety in seeking dismissal on a new ground.

        Similarly unhelpful to the court was Plaintiffs' assertion in their opposition to the motion to dismiss that "there are specific factual allegations in the SAC against all individual Defendants.  See Second Amended Complaint."  Plaintiffs appear to have expected the court to comb through the Second Amended Complaint to find specific factual allegations relating to each Defendant's participation in the alleged civil conspiracy.  While making the court do more work on a motion than a claimant is willing to do is extremely convenient for the claimant, that is not the way tasks are divided between counsel and the court.  It is counsel's job to point the court to portions of the record supporting counsel's arguments.  The portion of the order saying that Plaintiffs did not address

Defendants' argument is only a slight overstatement. Once again, Plaintiffs made a sweeping statement that, given the lack of analysis or specific citations, was nearly tantamount to ignoring the argument.

However, this court does concede that it was incorrect in saying in its order that Plaintiffs appeared to have no objection to dismissal of the civil conspiracy claim. As thin as the objection was, Plaintiffs were not agreeing to dismissal of the civil conspiracy claim, and the order should not have dismissed any part of the civil conspiracy claim on the ground that Plaintiffs were not objecting. Rather, the dismissal should have been grounded on Plaintiffs' failure to explain or support the objection. An unadorned statement of objection is simply not enough to defeat a rational argument for dismissal. Therefore, notwithstanding the concession it makes in this order, the court does not vacate the dismissal itself or reinstate the civil conspiracy claim.

The court is, however, persuaded that it should allow an amended civil conspiracy claim to be included in a proposed Third Amended Complaint. Plaintiffs are therefore given leave to do that. The court cautions Plaintiffs that any new civil conspiracy claim should clearly allege what each Defendant named in the claim did that makes that Defendant liable for civil conspiracy. The court is concerned from the argument in the

reconsideration motion that Plaintiffs may believe that being in a chain of command is sufficient to make someone liable for civil conspiracy.  That is not the law.  The essence of a conspiracy is an agreement.  Being in a chain of command is not, without more, an agreement at all.  It is not by itself evidence that someone has knowingly joined or agreed to be part of a conspiracy.  Nor can civil conspiracy rest on vicarious liability.  Any new civil conspiracy claim should not assume that, if one or more individuals commit some wrongful act, all persons in the chain of command with authority over the wrongful actors necessarily must be conspirators.  Each Defendant sued for civil conspiracy must have allegedly engaged in some specific wrongful conduct in furtherance of the agreement.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, October 27, 2011.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

SHERMON DEAN DOWKIN, et al. v. HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; BOISSE CORREA, et al.; CIV. NO. 10-00087 SOM/RLP; AMENDED ORDER GRANTING ALTERNATIVE RELIEF SOUGHT IN MOTION TO RECONSIDER DISMISSAL OF COUNT VIII (CIVIL CONSPIRACY)