IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., and OFFICER CASSANDRA BENNETT-BAGORIO,<br><br>        Plaintiffs,<br><br>    vs.<br><br>HONOLULU POLICE DEPARTMENT, THE CITY AND COUNTY OF HONOLULU, FORMER CHIEF OF POLICE BOISSE CORREA, CURRENT CHIEF OF POLICE LOUIS KEALOHA, ASSISTANT CHIEF MICHAEL TAMASHIRO, MAJOR KENNETH SIMMONS, MAJOR JOHN MCENTIRE, CAPTAIN NYLE DOLERA, LIEUTENANT MICHAEL SERRAO, LIEUTENANT DAN KWON, LIEUTENANT WILLIAM AXT, SERGEANT WAYNE FERNANDEZ, SERGEANT RALSTAN TANAKA, OFFICER COLBY KASHIMOTO, PAT AH LOO, and DOES 1-100,<br><br>        Defendants.<br>_____ | CIVIL NO. 10-00087 SOM-RLP<br><br>ORDER (1) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT; (2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THEIR REPLY; (3) DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART PLAINTIFFS' MOTION TO MODIFY RULE 16 SCHEDULING ORDER; AND (4) FOR PLAINTIFFS' COUNSEL TO SHOW CAUSE WHY THEY DID NOT VIOLATE FRCP 11(b) |

ORDER (1) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH
AMENDED COMPLAINT; (2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO
SUPPLEMENT THEIR REPLY; (3) DENYING IN PART AND TAKING UNDER
ADVISEMENT IN PART PLAINTIFFS' MOTION TO MODIFY RULE 16
SCHEDULING ORDER; AND (4) FOR PLAINTIFFS' COUNSEL TO SHOW CAUSE
WHY THEY DID NOT VIOLATE FRCP 11(b)

Before the Court is Plaintiffs Shermon Dean Dowkin,

Federico Delgadillo Martinez, Jr., and Cassandra Bennett-

Bagorio's (collectively "Plaintiffs") Motion for Leave to File a

Fourth Amended Complaint, filed on May 10, 2012 ("Motion").  See

ECF No. 283.  Plaintiffs seek leave to file a Fourth Amended

Complaint ("FAC"), in the form proposed in Exhibit A to their

Motion.  On May 24, 2012, Defendants City and County of Honolulu

("City"), Boisse Correa, Louis Kealoha, Michael Tamashiro,

Kenneth Simmons, John McEntire, Nyle Dolera, Michael Serrao, Dan

Kwon, William Axt, Wayne Fernandez, Ralston Tanaka, Colby

Kashimoto, and Pat Ah Loo (collectively "Defendants") filed their

Memorandum in Opposition to Plaintiffs' Motion, and on June 7,

2012, Plaintiffs filed a Reply to Defendants' Opposition.  See

ECF Nos. 288, 303.

On May 10, 2012, the Court found this matter suitable

for disposition without a hearing pursuant to LR 7.2(d) of the

Local Rules of Practice for the United States District Court for

the District of Hawaii.  See ECF No. 284.  Based on the

following, and after careful consideration of the Motion, the

supporting and opposing memoranda, the exhibits attached thereto,

and the record established in this action, the Court HEREBY

DENIES Plaintiffs' Motion and ORDERS Plaintiff's counsel to SHOW

CAUSE why they did not violate Rule 11(b) of the Federal Rules of

Civil Procedure ("FRCP").

BACKGROUND

On February 22, 2010, three Honolulu police officers

brought this action against their employer, the Honolulu Police

Department ("HPD"), and thirteen supervisors, officers, and HPD personnel for alleged race and gender discrimination, retaliation, and disparate treatment.  Dowkin, who allegedly is the only African-American supervisor in HPD's Regional Parol Bureau District 4, First Watch ("District 4"), and Delgadillo, who is allegedly the only Mexican-American officer in District 4, claim that, between 2003 and 2008, their supervisors and fellow officers gave direct orders and conspired not to provide them protective "cover" or "backup" when Dowkin and Delgadillo arrested persons in the field.  Dowkin and Delgadillo's requests for assistance were allegedly "routinely ignored," as Defendants were purportedly "motivated by racial prejudice."  Dowkin and Delgadillo also allege that they were demoted to "junior officer status" after returning to their unit from a special duty assignment.

On August 7, 2008, Dowkin, on behalf of himself and Delgadillo, delivered a written complaint, alleging race discrimination by HPD to Defendant Simmons, Commander of District 4.  After Dowkin spoke with Defendant Simmons about the disparate treatment, Defendant Simmons allegedly took no action in response to the complaint.  Plaintiffs allege that, although the filing of the complaint was protected activity, retaliation immediately commenced.

3

On October 14, 2008, Bennett-Bagorio was allegedly summoned by HPD Human Resources to provide testimony regarding Dowkin and Delgadillo's race discrimination complaint.  Bennett-Bagorio's testimony allegedly supported Dowkin and Delgadillo's claims of race discrimination and purported failure to provide protective cover on traffic stops.  Bennett-Bagorio alleges that, as a result of her testimony and her gender, Defendants retaliated against her.

Plaintiffs' First Amended Complaint, filed on March 30, 2010, alleged the following fifteen causes of action: (1) violations of the First, Fifth, and Fourteenth Amendments of United States Constitution; (2) violations of Title VII of the Civil Rights Act of 1964; (3) violations of 42 U.S.C. § 1981; (4) violations of Title VI of the Civil Rights Act of 1964; (5) violations of the Hawaii State Constitution and Hawaii civil rights law; (6) reckless endangerment; (7) hate crimes; (8) negligent training, supervision, retention and/or failure to report and investigate; (9) intentional infliction of emotional distress (IIED); (10) negligent infliction of emotional distress (NIED); (11) bad faith breach of employment contracts; (12) defamation; (13) violations of 42 U.S.C. § 1983; (14) civil conspiracy; and (15) injunctive relief.  See ECF No. 5.

On November 30, 2010, the Court issued an Order Partially Granting and Partially Denying Defendants' Motion for

4

Partial Dismissal of First Amended Complaint.  <u>See</u> ECF No. 43. In the Order, the Court dismissed Plaintiffs' Count III, XI, and XII against all Defendants.  The Court dismissed Count XIII against the City, but not as to the individual Defendants.  Count X was dismissed to the extent it asserted claims by Delgadillo and Bennett-Bagorio, but not to the extent it asserted claims by Dowkin.  Count VIII was dismissed against all Defendants except the City, Lieutenant Kwon, and Sergeant Fernandez.  The Plaintiffs withdrew Count I, VI, and VII.  As a result, the entirety Count II, IV, V, IX, and XIV and portions of Claim XIII, X, and XIII remained for adjudication.

On June 24, 2011, after obtaining leave of this Court to do so, Plaintiffs filed their Second Amended Complaint ("SAC").  <u>See</u> ECF No. 139.  In granting leave, the Court cautioned Plaintiffs to be "judicious" in their determination of whether to file future amended complaints.  <u>See</u> ECF No. 138 at 8. The SAC added allegations in support of Dowkin and Bennett-Bagorio's NIED claim, and asserted nine causes of action: (1) Title VII; (2) Title VI; (3) state constitution and civil rights; (4) negligent training, supervision, retention and/or failure to report and investigate; (5) IIED; (6) NIED; (7) 42 U.S.C. § 1983; (8) civil conspiracy; and (9) injunctive relief.

On September 2, 2011, the Court issued an Order Partially Granting and Partially Denying Defendants' Motion for

Dismissal of Second Amended Complaint.  <u>See</u> ECF No. 167.  The

Order dismissed the Hawaii Revised Statutes ("HRS") §§ 378-2(1)

and 378-2(2) claims in Count III against all Defendants, the

negligent supervision claim in Count IV against all Defendants,

the negligent training claim in Count IV against Kashimoto, Count

VII in its entirety, the conspiracy claim in Count VIII against

all Defendants except Kwon and Fernandez, and the injunctive

relief claim in Count IX.  The Order also cautioned Plaintiffs

regarding the filing of a Third Amended Complaint ("TAC"):

> If Plaintiffs move for leave to file a Third
> Amended Complaint, Plaintiffs should avoid the
> deficiencies in the Second Amended Complaint.
> The Second Amended Complaint often fails to
> distinguish among Defendants as to alleged
> causes of action.   Any further Amended
> Complaint must clearly state how each named
> Defendant has injured which Plaintiff.   In
> other words, Plaintiffs should explain, in
> clear and concise allegations, what each
> Defendant did and how those specific facts
> create a plausible claim for relief.   A
> complaint that fails to explain which
> allegations are relevant to which Defendant is
> confusing.  This, in turn, "impose[s] unfair
> burdens on litigants and judges" because it
> requires both to waste time formulating their
> own best guesses of what the Plaintiffs may or
> may not have meant to assert, risking
> substantial confusion if their understanding
> is not equivalent to Plaintiffs'.

<u>Id.</u> at 35-36 (citing <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179-80 (9th

Cir. 1996)).

On September 28, 2011, Plaintiffs moved for

reconsideration of the Court's September 2, 2011 Order.  <u>See</u> ECF

No. 169.  Plaintiffs sought reinstatement of their Count XIII

(civil conspiracy), which had been dismissed against all

Defendants except Kwon and Fernandez.  On October 27, 2011, the

Court issued its Amended Order Granting Alternative Relief Sought

in Motion to Reconsider Dismissal of Count VIII (Civil

Conspiracy).  See ECF No. 186.  In the Order, the Court gave

Plaintiffs leave to include an amended civil conspiracy claim in

a proposed TAC.  The Court further cautioned Plaintiffs:

> [A]ny new civil conspiracy claim should
> clearly allege what each Defendant named in
> the claim did that makes that Defendant liable
> for civil conspiracy.  The court is concerned
> from the argument in the reconsideration
> motion that Plaintiffs may believe that being
> in a chain of command is sufficient to make
> someone liable for civil conspiracy.  That is
> not the law.  The essence of a conspiracy is
> an agreement.  Being in the chain of command
> is not, without more, an agreement at all.  It
> is not by itself evidence that someone has
> knowingly joined or agreed to be part of a
> conspiracy.  Nor can civil conspiracy rest on
> vicarious liability.  Any new civil conspiracy
> claim should not assume that, if one or more
> individuals commit some wrongful act, all
> persons in the chain of command with authority
> over the wrongful actors necessarily must be
> conspirators.  Each Defendant sued for civil
> conspiracy must have allegedly engaged in some
> specific wrongful conduct in furtherance of
> the agreement.

Id. at 5-6.

On January 17, 2012, after again obtaining leave to do

so, Plaintiffs' filed their TAC.  See ECF No. 221.  In granting

leave, the Court specifically noted:

7

The Court again cautions Plaintiffs to be judicious in their determination of whether to seek leave to file future amended complaints. As previously stated by the Court in its Order Granting Plaintiffs' Motion for Leave to File a Second Amended Complaint, "a court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his or her complaint." <u>See</u> ECF No. 138 (citing <u>Fid. Fin. Corp. v. Home Loan Bank of S.F.</u>, 792 F.2d 1432, 1438 (9th Cir. 1986)).

ECF No. 220, at 19 n.2. The TAC asserts eight causes of action: (1) Title VII; (2) Title VI; (3) violations of the Hawaii Civil Rights Law, HRS § 378-2(3); (4) negligent training, retention and/or failure to report and investigate; (5) IIED; (6) NIED; (7) conspiracy to interfere with civil rights (42 U.S.C. § 1985); and (8) civil conspiracy. The TAC includes three primary changes from the SAC. First, Plaintiffs added a claim for IIED by Bennett-Bagorio against Fernandez based upon an alleged visit he made to HPD's Central Receiving on June 2, 2011. Second, Plaintiffs provided more specific and detailed allegations in support of their civil conspiracy claim. Finally, Plaintiffs included a new cause of action for conspiracy to interfere with civil rights.

On February 21, 2102, Defendants filed their Motion for Partial Dismissal of Plaintiffs' TAC, which seeks, *inter alia*, dismissal of Plaintiffs' conspiracy claims against Defendants. <u>See</u> ECF No. 237. The motion was initially set for hearing on May

8

14, 2012, but the hearing was vacated until a decision could be made on the instant Motion.  <u>See</u> ECF Nos. 241, 281.

        Through the instant Motion, Plaintiffs seek leave to file a Fourth Amended Complaint ("FAC"), in the form proposed in Exhibit A to their Motion.  The FAC asserts twelve causes of action: (1) Title VII; (2) Title VI; (3) violations of the Hawaii Civil Rights Law; (4) general negligence, including negligent training and supervision; (5) IIED; (6) NIED; (7) conspiracy to interfere with civil rights; (8) civil conspiracy against rights and to tamper with witnesses; (9) conspiracy against rights (18 U.S.C. § 241); (10) tampering with a witness; (11) 42 U.S.C. § 1983; and (12) neglect to prevent conspiracy.  The FAC includes three primary changes from the TAC.  First, Plaintiffs' added Deputy Chief Dave Kajihiro and Denise Tsukayama as Defendants.  Second, Plaintiffs included additional allegations (¶¶ 84-125) supposedly based upon facts revealed by Defendants after Plaintiffs requested leave of court to file their TAC, as well as 37 exhibits, purportedly confirming Plaintiffs' conspiracy claims.  Finally, Plaintiffs brought four new claims against Defendants.

<u>LEGAL STANDARD</u>

        The parties disagree upon which legal standard the Court should employ in evaluating Plaintiffs' Motion.  The Court's Amended Rule 16 Scheduling Order, filed on November 8,

2011, states that all motions to amend pleadings shall be filed by December 30, 2011.  See ECF No. 192, at 2.  Because Plaintiffs failed to timely file their Motion, Defendants contend that the "good cause" standard set forth in FRCP 16(b)(4) should apply. This rule provides that a Rule 16 scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  When a party seeks to amend a pleading after the deadline established by the scheduling order, the party's right to amend is governed by the "good cause" standard, rather than the more liberal standard of Rule 15.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to [Rule] 16 which established a timetable for amending pleadings that rule's standard's controlled.").

Plaintiffs, on the other hand, argue that FRCP 15(a)(2), which provides that the Court should "freely give leave [to amend pleadings] when justice so requires," should control. Fed. R. Civ. P. 15(a)(2).  This rule is construed liberally, under the sound discretion of the Court, in favor of permitting an amended pleading absent a showing of prejudice to the defendant.  See Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Indeed, "[i]f the facts or circumstances relied upon by a plaintiff may be a proper subject

of relief, he ought to be afforded an opportunity to test his claims on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Perhaps recognizing that their untimely filing would result in the application of the "good cause" standard, Plaintiffs filed a Motion to Modify Rule 16 Scheduling Order on June 20, 2012 ("Motion to Modify"). <u>See</u> ECF Nos. 318, 319.[1]  In the Motion to Modify, Plaintiffs absurdly claim that the instant Motion was timely because the Court's most recent Rule 16 Scheduling Order, dated February 29, 2012, <u>see</u> ECF No. 245, did not provide for the December 30, 2011 deadline for amending pleadings.  To the contrary, the February 29, 2012 Scheduling Order stated that the deadline for motions to amend pleadings was "N/A" because the December 30, 2011 deadline had already passed when the February 29, 2012 Scheduling Order was filed.  <u>See</u> <u>id.</u> at 1-2.  It did not mean that the December 30, 2011 deadline, as set forth in the November 8, 2011 Scheduling Order, was no longer valid.[2]  Therefore, to the extent that Plaintiffs' Motion to

---

[1] Plaintiffs, intending to file a Notice of Motion and a separate Motion with memorandum and declaration attached, mistakenly filed two identical motions to modify. <u>See</u> ECF No. 336.  Accordingly, the Court will treat these motions as a single motion.

[2] The Court notes that it is a common practice for magistrate judges in this district to indicate as "N/A" deadlines that have already expired when amended Rule 16 scheduling orders are filed.

Modify is based on the claim that a December 30, 2011 deadline for amending pleadings was not provided, their motion is DENIED.[3]

In their reply to the instant Motion, Plaintiffs also contend that Defendants are "estopped" from requiring "good cause" because many of the allegedly relevant documents were not produced until December 16, 18, and 22, 2011, or within two weeks of the December 30, 2011 deadline to amend pleadings.  The record shows, however, that Plaintiffs did not file the instant Motion until May 10, 2012, or nearly five months after they received the documents from Defendants.[4]  Plaintiffs fail to provide any reason why they delayed for such a lengthy period.  Therefore, the Court finds that the "good cause" standard of FRCP 16(b)(4) applies here.

<u>ANALYSIS</u>

**A.   Motion to Supplement Reply**

As an initial matter, on June 28, 2012, Plaintiffs filed a Motion for Leave to Supplement Their Reply to City Defendants' Memorandum in Opposition to Plaintiffs' Motion for

---

[3]  The remainder of Plaintiffs' Motion to Modify, specifically Plaintiffs' request to extend the deadline to file a response to the Defendants' expert witness reports, is taken under advisement.

[4]  The Court first received a copy of Plaintiffs' Motion, in conjunction with Plaintiffs' Second *Ex Parte* Motion to File Under Seal Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, But Only if the Court Deems Such to be Necessary, on May 2, 2012.  <u>See</u> ECF No. 274.

Leave to File a Fourth Amended Complaint ("Motion to
Supplement").[5]  See ECF No. 329.  In their Motion to Supplement,
Plaintiffs contend that, "[s]ubsequent to filing the Reply,
undersigned counsel was provided with additional documents
relating to the HPD Administrative Review Board's processing of
Plaintiff Delgadillo's race discrimination complaint against
Defendant Kwon, under cover of defense counsel's letter dated
June 1, 2012."  Id. at 2.  The record, indicates, however, that
Plaintiffs' filed their Reply on June 7, 2012, or several days
after receiving defense counsel's letter.  Moreover, the Court
finds that supplemental briefing regarding these documents is
unnecessary to decide the instant Motion.  Therefore, Plaintiffs'
Motion to Supplement is DENIED.

**B.   Violation of FRCP 8**

FRCP 8(a)(2) provides, "A pleading that states a claim
for relief must contain a *short and plain* statement of the claim
showing that the pleader is entitled to relief."  Fed. R. Civ. P.
8(a)(2) (emphasis added).  "The theory of Rule 8(a), and of the
federal rules in general, is notice pleading."  Starr v. Baca,
652 F.3d 1202, 1212 (9th Cir. 2011).  Although typically

---

[5]  The Motion to Supplement was originally lodged with the
Court on June 19, 2012 as part of Plaintiffs' *Ex Parte* Motion for
Ruling on Whether to File Under Seal Plaintiffs' Motion for Leave
to Supplement Their Reply to City Defendants' Memorandum in
Opposition to Plaintiffs' Motion for Leave to File a Fourth
Amended Complaint.  See ECF No. 311.

13

verbosity or length alone is not a basis for dismissing a
complaint, the Ninth Circuit has "never held . . . that a
pleading may be of unlimited length and opacity." Cafasso v.
Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011).

In fact, Ninth Circuit case law clearly instructs
otherwise. See, e.g., id. (district court was "well within its
discretion" to deny leave to amend under liberal Rule 15 standard
"considering the proposed pleading's extraordinary prolixity");
McHenry v. Renne, 84 F.3d 1172, 1177-80 (9th Cir. 1996)
(upholding Rule 8(a) dismissal of a complaint that was
"argumentative, prolix, replete with redundancy, and largely
irrelevant"); Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th
Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that
"exceeded 70 pages in length, [and was] confusing and
conclusory"); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671,
674 (9th Cir. 1981) (Rule 8(a) is violated when a complaint is
excessively "verbose, confusing and almost entirely conclusory");
Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980)
(affirming Rule 8(a) dismissal of "confusing, distracting,
ambiguous, and unintelligible pleadings").  Indeed, while the
Court recognizes that, in a few recent cases, the Supreme Court
has applied what appears to be a higher pleading standard under
Rule 8(a), see, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544
(2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009), in subsequent

14

cases, the Ninth Circuit has upheld notice pleading and the denial of leave to amend due to the prolixity of a proposed amended complaint. <u>See</u> <u>Starr v. Baca</u>, 652 F.3d at 1212; <u>Cafasso</u>, 637 F.3d at 1058.

Here, in partially dismissing Plaintiffs' SAC, the Court already cautioned Plaintiffs that their SAC was "unduly long and confusing and in some instances reiterates claims that were withdrawn or dismissed as defective without curing the identified defects." ECF No. 167, at 8. Nevertheless, Plaintiffs' proposed FAC consists of 134 pages and attaches 37 exhibits spanning an additional 213 pages, for a total filing of 347 pages. <u>See</u> ECF No. 283-1 to 283-39. Plaintiffs' proposed FAC is neither short nor plain and again is unduly long and confusing, in addition to being argumentative, largely irrelevant, and conclusory.

Further, Plaintiffs have not argued that a heightened pleading standard, such as for actions alleging fraud or mistake pursuant to FRCP 9(b), applies to any of their claims. Rather, Plaintiffs appear to be under the mistaken belief that the Court's rejection of their "chain of command" theory as the basis for Plaintiffs' civil conspiracy claim, <u>see</u> ECF No. 186, somehow "requires a detailed factual explanation, supported by attachment of actual documentation, in order to make the claims comprehensible and no longer impeachable." Pls.' Reply 18. That

is simply not the case.  As the Chief Judge correctly pointed out, "Each Defendant sued for civil conspiracy must have allegedly engaged in some specific wrongful conduct in furtherance of the agreement."  ECF No. 186, at 6.  Nothing in the Court's order required Plaintiffs to attach actual documentation of the specific wrongful conduct alleged or to engage in a 134-page-long explanation of said conduct.

Finally, a 347-page pleading "prejudices the opposing party and may show bad faith of the movant, both valid grounds to deny leave to amend."  Cafasso, 637 F.3d at 1059.  Rather than straightforwardly stating their claims and allegations, Plaintiffs would burden Defendants with the onerous task of combing through a 347-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated. See id. (quoting McHenry, 84 F.3d at 1178) ("[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.").  Unlike the 81-page complaint at issue in Hearns, which was written with sufficient organization and clarity such that Defendants would have "no difficulty responding to the claims," id. at 530 F.3d 1132, the Plaintiffs' proposed FAC is more than four times longer than the one in Hearns and would be quite challenging for Defendants to answer.

Accordingly, the Court finds that Plaintiffs' proposed FAC violates FRCP 8(a) and concludes that leave to amend should be denied.

## C.    Failure to Demonstrate "Good Cause"

The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order.  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted.  Id. (quoting Johnson, 975 F.2d at 609).  However, the pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.; see also Fed. R. Civ. P. 16 advisory committee's note.  In addition to a lack of diligence, prejudice to the party opposing the modification may supply another reason to deny leave to amend the scheduling order.  Johnson, 975 F.2d at 609.

Plaintiffs have failed to demonstrate that good cause exists to permit them to file their proposed FAC.  First, Plaintiffs were not diligent in moving to amend the scheduling order.  Plaintiffs seek leave to amend based upon purportedly "new facts" discovered in the "late December 2011 document production and the depositions in March 2012."  Pls.' Reply 19. However, as discussed above, Plaintiffs waited until May 10, 2012, or nearly five months after they received the documents

17

from Defendants, to file the instant Motion and fail to provide any reason for the lengthy delay. As a result, the Court finds that Plaintiffs were not diligent in moving to file their proposed FAC. See JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM-LEK, 2009 WL 3818247, at *5 (D. Haw. Nov. 12, 2009) (affirming magistrate judge's finding that plaintiff had unduly delayed under liberal Rule 15 standard when it waited five months to file its motion to amend complaint).

Even though the good cause inquiry should end with the Court's finding that Plaintiffs were not diligent, in light of Plaintiffs' numerous motions and request for supplemental briefing regarding its proposed FAC, the Court further finds that permitting Plaintiffs to file their long and confusing proposed FAC at this late juncture would unduly prejudice Defendants. Defendants have already filed motions to dismiss Plaintiffs' First Amended Complaint, SAC, and TAC, as well as answers to Plaintiffs' First Amended Complaint and SAC. See ECF Nos. 21, 92, 145, 178, 237. In fact, briefing was already complete and the hearing had already been set on Defendants' pending motion to dismiss Plaintiffs' TAC before the instant Motion was filed. Additionally, the proposed FAC seeks to include two new Defendants and four new causes of action. It would be unfair to Defendants to have to investigate all of these changes and to

18

prepare yet another motion for partial dismissal and answer to Plaintiffs' 347-page proposed FAC.

Finally, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." <u>Cafasso</u>, 637 F.3d at 1058 (quoting <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989)).  The Court has already granted Plaintiffs leave to file their SAC and TAC.  On both occasions, the Court also cautioned Plaintiff to be "judicious in their determination of whether to seek leave to file future amended complaints."  ECF Nos. 138 at 8, 220 at 19 n.2.  For these reasons, the Court elects to exercise its broad discretion in denying Plaintiffs leave to file their proposed FAC.

**D.  Order to Show Cause**

FRCP 11(b) requires that attorneys present arguments that are not improper or frivolous:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2)  the claims, defenses, and other legal contentions are warranted by

>existing law or by a nonfrivolous
>argument for extending, modifying,
>or reversing existing law or for
>establishing new law . . .

Fed. R. Civ. P. 11(b).

In determining whether a party has violated FRCP 11, the court applies a reasonableness standard. Yaqman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993). A showing of subjective bad faith is not required. See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "empty head, pure heart" defense); Zaldivar v. City of L.A., 780 F.2d 823, 831 (9th Cir. 1986), overruled on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) (stating that the certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith").

The court may, on its own, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). If, after notice and a reasonable opportunity to respond, the court determines that FRCP 11(b) has been violated, the court is permitted to impose sanctions, which may include monetary sanctions to the court or an order to pay reasonable attorneys' fees to the opposing party. Fed. R. Civ. P. 11(c).

20

Here, the Court has found that Plaintiffs violated the "short and plain statement" requirement of FRCP 8(a), were not diligent by waiting nearly five months and until briefing for Defendants' pending motion to dismiss Plaintiffs' TAC had closed before moving for leave to file their FAC, and blatantly disregarded the Court's multiple warnings to be judicious in their determination of whether to seek leave to file future amended complaints.  The Court does not take these findings lightly.  Therefore, pursuant to FRCP 11(c)(3), the Court ORDERS Plaintiffs' counsel to SHOW CAUSE why they have not violated FRCP 11(b) by filing the instant Motion.  Plaintiffs' counsel shall appear at a show cause hearing on August 2, 2012 at 10:00 a.m. before the undersigned Magistrate Judge, and may submit a memorandum for the Court's consideration by no later than July 19, 2012.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY ORDERS as follows:

(1)  Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, filed on May 10, 2012, is DENIED.

(2)  Plaintiffs' Motion for Leave to Supplement their Reply to City Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, filed on June 28, 2012, is DENIED.

21

(3)  Plaintiffs' Motion to Modify Rule 16 Scheduling Order, filed on June 20, 2012, is DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART.  Plaintiffs' request to extend the December 30, 2011 deadline to amend pleadings is DENIED.  Plaintiffs' request to extend the deadline to file a response to Defendants' expert witness reports is TAKEN UNDER ADVISEMENT.

(4)  Plaintiffs' counsel is ORDERED TO SHOW CAUSE why they have not violated Fed. R. Civ. P. 11(b) by filing Plaintiffs' Motion for Leave to File a Fourth Amended Complaint. Plaintiffs' counsel shall appear at a show cause hearing on August 2, 2012 at 10:00 a.m. before the undersigned Magistrate Judge, and may submit a memorandum for the Court's consideration by no later than July 19, 2012.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JULY 3, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

DOWKIN ET AL. V. HONOLULU POLICE DEP'T ET AL.; CIVIL NO. 10-00087 SOM-RLP; ORDER (1) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT; (2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THEIR REPLY; (3) DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART PLAINTIFFS' MOTION TO MODIFY RULE 16 SCHEDULING ORDER; AND (4) FOR PLAINTIFFS' COUNSEL TO SHOW CAUSE WHY THEY DID NOT VIOLATE FRCP 11(b)