IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., AND OFFICER CASSANDRA BENNETT-BAGORIO, | ) ) ) ) | CIVIL NO. 10-00087 SOM/RLP |
| | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR PARTIAL DISMISSAL |
| Plaintiffs, | ) ) | OF THIRD AMENDED COMPLAINT |
| V. | ) ) ) | |
| THE HONOLULU POLICE DEPARTMENT, THE CITY AND COUNTY OF HONOLULU, FORMER CHIEF OF POLICE BOISSE CORREA, CURRENT CHIEF OF POLICE LOUIS KEALOHA, ASSISTANT CHIEF MICHAEL TAMASHIRO, MAJOR KENNETH SIMMONS, MAJOR JOHN MCENTIRE, CAPTAIN NYLE DOLERA, LIEUTENANT MICHAEL SERRAO, LIEUTENANT DAN KWON, LIEUTENANT WILLIAM AXT, SERGEANT WAYNE FERNANDEZ, SERGEANT RALSTON TANAKA, OFFICER KASHIMOTORO, PAT AH LOO AND Does 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT

I.        INTRODUCTION.

On January 17, 2011, Plaintiffs Sergeant Shermon Dean Dowkin, Officer Federico Delgadillo Martinez, Jr., and Officer Cassandra Bennett-Bagorio of the Honolulu Police Department ("HPD") filed their Third Amended Complaint.  Third Amended Compl. for Compensatory, Statutory, and Punitive Damages ("TAC"), ECF No. 221.  Plaintiffs allege, among other things, race and sex

discrimination.  Defendants seek dismissal of portions of the TAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court partially grants the motion.

II.          **FACTUAL AND PROCEDURAL BACKGROUND.**

The parties are familiar with the background of this case, and this court has set forth the underlying allegations in previous orders.  <u>See</u> Order Partially Granting and Partially Denying Defendants' Motion for Partial Dismissal Of First Amended Complaint ("FAC Order"), Nov. 30, 2010, ECF No. 43; Order Partially Granting and Partially Denying Defendants' Motion for Dismissal of Second Amended Complaint ("SAC Order"), Sept. 2, 2011, ECF No. 167.  The court includes here only the background facts relevant to this motion.

Sergeant Shermon Dean Dowkin ("Dowkin"), Officer Federico Delgadillo Martinez, Jr. ("Delgadillo"), and Officer Cassandra Bennett-Bagorio ("Bennett-Bagorio") were and are still employed by HPD.  TAC ¶¶ 5-8.  Dowkin and Delgadillo are males who serve in HPD's Regional Patrol Bureau District 4, First Watch.  <u>Id.</u>  In the First Watch of District 4, Dowkin is alleged to be the only African-American supervisor and Delgadillo is alleged to be the only Mexican-American officer.  <u>Id.</u> ¶ 5. Bennett-Bagorio is a Caucasian female.  <u>Id.</u> ¶ 8.

From November 2003 to August 2008, Dowkin supervised a Traffic Enforcement Team, also known as the Driving

Under the Influence Team ("DUI Team"). Id. ¶ 58. Delgadillo was a member of the DUI Team. Id. The DUI Team was responsible for enforcing traffic laws on the Windward Side of Oahu during the First Watch hours of 10:00 p.m. to 7:00 a.m. Id. Plaintiffs allege that the DUI Team makes more stops than other patrol officers on a nightly basis. Id. ¶ 59.

Plaintiffs allege that, between 2003 and 2008, Dowkin and Delgadillo's supervisors and fellow officers conspired not to provide Dowkin and Delgadillo with protective "cover" or "backup" when Dowkin and Delgadillo made DUI and other traffic stops and arrests. See id. ¶¶ 38, 43, 51, 54, 64. Plaintiffs say that Dowkin and Delgadillo's supervisors also ordered others to refuse to provide Dowkin and Delgadillo with backup. See id.

HPD's "standard operating procedure" allegedly requires the dispatch of the nearest officer to provide backup to any officer making a stop alone at night. Id. ¶ 62. Plaintiffs allege that this requirement was "deliberately and/or recklessly disregarded by the direct orders and conspiratorial misconduct of Defendants." Id. ¶ 64. Plaintiffs say that Defendants were acting discriminatorily against Dowkin and Delgadillo because of their race. Id. ¶ 65.

Plaintiffs further allege that, after Dowkin made several written and verbal complaints to his superior officer about other officers' failure to provide backup, id. ¶ 41,

3

Defendants retaliated against him and Delgadillo.  Id. ¶ 45.
Defendants allegedly permitted other officers to continue to fail
to provide backup, failed to investigate Dowkin's discrimination
complaint, provided "tacit approval" of the discriminatory
failure to provide backup, and caused Dowkin and Delgadillo to
lose their seniority status.  Id. ¶¶ 45, 77.

On October 14, 2008, Bennett-Bagorio allegedly
provided HPD Human Resources with testimony supporting Dowkin and
Delgadillo's race discrimination claims.  Id. ¶ 78.  Plaintiffs
say that, as a result of her testimony and because of her gender,
Defendants also retaliated against Bennett-Bagorio. Id. ¶ 80.
Defendants allegedly failed to provide her with backup, denied
her critical training, and humiliated and isolated her.  Id.
¶ 81.

Plaintiffs' First Amended Complaint, filed on March
30, 2010, asserted fifteen causes of action.  See ECF No. 5.
This court dismissed many of those claims.  See FAC Order.

On June 24, 2011, Plaintiffs filed their Second
Amended Complaint, asserting nine causes of action.  See ECF
No. 94.  On September 2, 2011, this court dismissed some of
those claims.  See SAC Order at 34.  On reconsideration, this
court, revisiting the issue of Plaintiff's civil conspiracy
claim, amended that order.  Amended Order Granting Alternative
Relief Sought in Motion to Reconsider Dismissal of Count Viii

(Civil Conspiracy), Oct. 27, 2011, ECF No. 186.  In its amended order, the court did not reinstate the civil conspiracy claim, but it gave Plaintiffs leave to amend their civil conspiracy claim in a third amended complaint.  Id.

On January 13, 2012, Magistrate Judge Richard L. Puglisi granted Plaintiffs leave to file the TAC.  Order Granting Plaintiffs' Motion for Leave to File a Third Amended Complaint, Jan. 13, 2012, ECF No. 220.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants now seek dismissal of some of the claims asserted against the individual Defendants in the TAC.[1]

## II.        LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party "may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

Dismissal under Rule 12(b)(6) may be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34

---

[1]  While Defendants' motion was pending, Plaintiffs sought leave to file a Fourth Amended Complaint.  That motion was denied by Magistrate Judge Richard Puglisi on July 5, 2012.  See ECF No. 338.

(9th Cir. 1984)).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

On a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. <u>Marcus v. Holder</u>, 574 F.3d 1182, 1184 (9th Cir. 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 554).  Whether a complaint states a plausible claim for relief is "context-specific," and such a determination "requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

III.       ANALYSIS.

          The TAC asserts eight causes of action: (1) violations

of Title VII, 42 U.S.C. § 2000e-2, et seq.; (2) violations of

Title VI, 42 U.S.C. § 2000d, et seq.; (3) violations of Hawaii

Revised Statute § 378-2(3); (4) negligent training, retention,

and/or failure to report and investigate; (5) intentional

infliction of emotional distress; (6) negligent infliction of

emotional distress; (7) conspiracy to interfere with civil

rights, 42 U.S.C. § 1985; and (8) civil conspiracy.  Defendants

seek to dismiss the fourth, seventh, and eighth causes of action

as asserted against the individual Defendants.

          A.   Fourth Cause of Action.

          In the Fourth Cause of Action, Plaintiffs assert a

negligent training, negligent retention, and failure to report

and investigate claim.  The negligent training claim is asserted

by all Plaintiffs against Tanaka, Kwon, Fernandez, and the City.

The negligent retention and the failure to report and investigate

claims are asserted by all Plaintiffs against Kashimoto, Tanaka,

Kwon, Fernandez, and the City.  Defendants seek dismissal of the

Fourth Cause of Action to the extent it is asserted against any

individual Defendant.[2]  As Plaintiffs cite no federal law or

---

          [2] Defendants do not contest that the Fourth Cause of Action
may be asserted against the City.

constitutional provision, the Fourth Cause of Action appears to be brought under Hawaii law.

With respect to negligent training and negligent retention, Defendants argue that individuals who are not a plaintiff's employer may not be sued for negligent training or negligent retention under Hawaii law.  The court agrees with Defendants.  Although Tanaka, Kwon, and Fernandez allegedly supervised Plaintiffs, they did not and do not employ Plaintiffs. Plaintiffs are employed by the Honolulu Police Department of the City and County of Honolulu.

Hawaii law has yet to establish the elements of a negligent training and a negligent retention claim.  Other jurisdictions, however, have held that *an employer* can be liable for negligently training or retaining its employees.  <u>See, e.g.</u>, <u>Gutman v. Quest Diagnostics Clinical Laboratories, Inc.</u>, 707 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010) (negligent training); <u>In re Evans</u>, 467 B.R. 399, 408 (Bankr. S.D. Miss. 2011) (negligent retention); <u>Delgado v. Trax Bar & Grill</u>, 36 Cal. 4th 224, 240 n.21, 113 P.3d 1159, 1169 n.21 (Cal. 2005) (negligent training); <u>Magill v. Bartlett Towing, Inc.</u>, 35 So. 3d 1017, 1020 (Fla. Dist. Ct. App. 2010) (negligent retention); <u>Zsigo v. Hurley Med. Center</u>, 475 Mich. 215, 227, 716 N.W.2d 220, 226 (Mich. 2006) (negligent training).  <u>See also</u> 30 C.J.S. <u>Employer-Employee</u> § 205 (Westlaw through 2012) ("An *employer* is liable for injuries

8

resulting from negligent training." (emphasis added)); id. § 200 ("*An employer* may be held liable in tort for negligent . . . employment." (emphasis added)).

Plaintiffs cite no authority stating that an individual who is not a plaintiff's employer can be held liable for negligent training or negligent retention under Hawaii law. The cases cited by Plaintiffs address federal constitutional violations, not state law negligent training or negligent retention claims. See, e.g., Scheuer v. Rhodes, 416 U.S. 232 (1974) (holding that individuals may be liable for violations of the United States Constitution); Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984) (addressing prison guards' alleged violations of the Eighth Amendment of the United States Constitution); Loewe v. Honolulu, Civ. No. 10-00368 DAE-KSC, 2010 WL 4642024 (D. Haw. Nov. 3, 2010) (addressing alleged federal constitutional violations by the City and County of Honolulu and the Honolulu Police Department). Plaintiffs do not allege any federal constitutional violation in the Fourth Cause of Action, and the TAC does not assert a claim under 42 U.S.C. § 1983, which permits individuals to sue state officials acting under color of law for violations of federal law or the United States Constitution. Reading the Fourth Cause of Action as based on state law, the court dismisses Plaintiffs' negligent training and negligent retention claims as to all Defendants except the City.

9

With respect to Plaintiffs' "failure to report and investigate" claim, Defendants argue that Hawaii law does not recognize a duty on the part of individuals to report alleged violations of a company's internal discrimination policy.  The court agrees.

To have a viable negligence claim, a defendant must have owed a duty to the plaintiff.  See Pulawa v. GTE Hawaiian Tel, 112 Haw. 3, 11, 143 P.3d 1205, 1213 (2006); Janssen v. Am. Haw. Cruises, Inc., 69 Haw. 31, 34, 731 P.2d 163, 34 (1987). "The general rule is that a person does not have a duty to act affirmatively to protect another person from harm.  'The fact that the actor realized or should realize that action on his [or her] part is necessary for another's aid or protection does not of itself impose upon him [or her] a duty to take such action.'" Lee v. Corregedore, 83 Haw. 154, 159, 925 P.2d 324, 329 (Haw. 1996) (quoting Restatement (Second) of Torts § 314 (1965)) (alterations in original).

Plaintiffs do not establish that Kashimoto, Tanaka, Kwon, or Fernandez had a legal duty to take affirmative action to report or investigate Plaintiffs' discrimination complaints. Plaintiffs contend that the HPD Code of Conduct itself creates a legal duty, because it allegedly requires officers to report violations of law.  However, Plaintiffs provide no authority establishing that a Code of Conduct, as opposed to a statute,

ordinance, or regulation, creates a legal duty.  Other jurisdictions have held that a code of conduct does not create a duty.  See Cox v. Ft. Worth, Tex. 762 F. Supp. 2d 926, 941 (N.D. Tex. 2010) ("A company's internal policies or procedures will not create a negligence duty where none otherwise exists." (quoting Cleveland Reg'l Med. Ctr., L.P. v. Celtic Props., L.C., 323 S.W.3d 322, 351 (Tex. App. 2010)); Hall v. Toreros, II, Inc., 176 N.C. App. 309, 316, 626 S.E.2d 861, 866-867 (N.C. App. 2006) ("Although recognizing that company policies 'represent some evidence of a reasonably prudent standard of care,' this Court has consistently held that 'voluntary written policies and procedures do not themselves establish a per se standard of due care.'" (quoting Klassette v. Mecklenburg Cnty. Area Mental Health, Mental Retardation and Substance Abuse Auth., 88 N.C. App. 495, 501, 364 S.E.2d 179, 183 (N.C. Ct. App. 1988)).

In addition, neither Plaintiffs nor Defendants even mention the Hawaii Supreme Court's test for duty and the factors it has identified as relevant to imposing a duty.  Under Hawaii law, a defendant only owes a duty of care "to those who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous."  Pulawa, 112 Haw. at 12, 143 P.2d at 1214 (quotation marks and citations omitted).  A court is to consider the following factors:

11

> Whether a special relationship exists, the foreseeability of harm to the injured party, the degree of certainty that the injured party suffered injury, the closeness of the connection between the defendants' conduct and the injury suffered, the moral blame attached to the defendants, the policy of preventing harm, the extent of the burden to the defendants and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

Id. (quotations and citation omitted) (format altered).

It is Plaintiffs' burden to establish all of the elements of a negligence action, including the existence of a duty. Takayama v. Kaiser Found. Hosp., 82 Haw. 486, 498-99, 923 P.2d 903, 915-16 (1996). Plaintiffs do not meet that burden with respect to establishing that Kashimoto, Tanaka, Kwon, and Fernandez had a legal duty to report or investigate the alleged discrimination against Plaintiffs.

The Fourth Cause of Action is dismissed as to all Defendants except the City.

**B.   Seventh Cause of Action.**

Defendants next challenge Plaintiffs' Seventh Cause of Action, which asserts that Defendants engaged in a conspiracy to interfere with Plaintiffs' civil rights in violation of 42 U.S.C. § 1985. "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 930 (9th Cir.

2004) (citing Caldeira v. Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)).  Plaintiffs fail to demonstrate that they have a cognizable § 1983 claim.

This court dismissed Plaintiffs' § 1983 claim in the Second Amended Complaint because Plaintiffs had failed to allege facts supporting their assertions that Defendants had violated the First Amendment and the Fourteenth Amendment of the United States Constitution.[3]  SAC Order at 25-33.  The court said that Plaintiffs' § 1983 claim was extremely vague and confusing.  The court also cautioned Plaintiffs regarding filing a Third Amended Complaint:

> If Plaintiffs move for leave to file a Third Amended Complaint, Plaintiffs should avoid the deficiencies in the Second Amended Complaint.  The Second Amended Complaint often fails to distinguish among Defendants as to alleged causes of action. Any further Amended Complaint must clearly state how each named Defendant has injured which Plaintiff. In other words, Plaintiffs should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief.  A complaint that fails to explain which allegations are relevant to which Defendant is confusing.  This, in turn, "impose[s] unfair burdens on litigants and judges" because it requires both to waste time formulating their own best guesses of what the Plaintiffs may or may not have meant to assert, risking substantial confusion if

---

[3]  Plaintiffs also asserted a § 1983 claim in the First Amended Complaint.  This court dismissed that claim against the City because Plaintiffs failed to allege facts supporting municipal liability.  FAC Order at 11.

> their understanding is not equivalent to
> Plaintiffs'.

Id. at 35-36 (citing McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996)).

Despite this court's instruction, Plaintiffs again fail in the TAC to connect any factual allegations to their assertions that Defendants violated federal law.  There are only two allegations that conceivably suggest a § 1983 claim in the Seventh Cause of Action.  Plaintiffs state that Defendants "committed the acts and/or omissions described above, with animus . . . to deprive all Plaintiffs of their constitutional rights of due process and equal protection of the laws of the United States."  TAC ¶ 185.  They also state:

> The above-described acts and omissions of
> the Defendants constitute a violation of
> those rights by failing to prevent
> disparate discriminatory mistreatment
> against Plaintiffs, by permitting a hostile
> work environment to exist for Plaintiffs,
> by allowing illegal race and gender
> discrimination against Plaintiffs to
> interfere with the enforcement of workplace
> rules and regulations, by failing to
> prevent harassment against Plaintiffs in
> the workplace and by failing to prevent
> retaliation against Plaintiffs for making
> protected complaints about discrimination,
> all protections guaranteed to the
> Plaintiffs by substantive equal protection
> and due process provisions of the
> Fourteenth Amendment to the Constitution of
> the United States and of the Hawai'i
> Constitution.

Id. ¶ 186.

14

Those allegations are conclusory and fail to identify any specific actions that allegedly infringed on Plaintiffs' constitutional rights.  Plaintiffs cannot merely refer to the "above-described actions" or the "acts described above" and expect the court to know which acts they are talking about, especially when there are over 180 allegations in the "above" paragraphs.  Although a § 1985 claim need not be pled with the particularity required for a fraud claim, it clearly must provide notice of what wrongdoing is being complained about.  Instead of providing such notice, Plaintiffs invite Defendants and the court to match allegations to claims, as if a complaint is a puzzle to be solved.  See generally Prim Ltd. Liability Co. v. Pace-O-Matic, Inc., Civil No. 10-00617 SOM-KSC, 2012 WL 263116, at *5-6 (D. Haw. Jan. 30, 2012) (referring in the context of fraud claims to "shotgun" and "puzzle" pleadings that require opposing counsel and the court to incorporate numerous allegations into subsequent claims for relief or to complete a puzzle by matching up numerous allegations throughout a pleading) (citing Wagner v. First Horizon Pharmaceutical, Corp., 464 F.3d 1273, 1279 (11th Cir. 2006)).  A claim that requires Defendants and this court to review 60 pages of allegations is not the "short and plain statement" required by Rule 8(a) of the Federal Rules of Civil Procedure.

15

At the hearing on this motion, the court expressly asked Plaintiffs to identify specific allegations demonstrating a constitutional violation.  Plaintiffs pointed to paragraph 54, which lists a number of allegedly "overt acts of misconduct" by Defendants, such as "[d]ismantling the DUI team, thereby depriving Plaintiffs Dowkin and Delgadillo of income and a preferred work assignment," "[d]epriving the Plaintiffs of equal protection of the law by imposing and enforcing rules upon them that were not equally applied to other personnel of like rank and duty assignment," and "[f]iling false, harassing and groundless personnel complaints against Plaintiffs without proper or timely completion of the complaint investigations."  TAC ¶ 54.

Even if Plaintiffs may rely on those allegations, which, except for a blanket incorporation of all preceding allegations, are not stated in or specifically referred to in the Seventh Cause of Action, Plaintiffs still do not state a cognizable § 1983 claim.  The TAC continues to suffer from the deficiencies this court identified in the Second Amended Complaint.  It is unclear which constitutional right is addressed by which allegation, how each allegation amounts to a constitutional violation, and which Defendant is being sued for which alleged constitutional violation.  See SAC Order at 31-32. For example, Plaintiffs do not specify whether dismantling the DUI Team interfered with Plaintiffs' right to due process or

16

their right to equal protection.  Nor does paragraph 54 specify

which Defendants should be held liable for the alleged

dismantling of the DUI Team.  Because Plaintiffs fail to

demonstrate that they have a cognizable § 1983 claim, Plaintiffs

fail to state a claim for relief under § 1985.  The Seventh Cause

of Action is dismissed in its entirety.

## C.   Eighth Cause of Action.

In the Eighth Cause of Action, Plaintiffs assert a

common law civil conspiracy claim against all Defendants.  Under

Hawaii law, "the accepted definition of a conspiracy is a

combination of two or more persons or entities by concerted

action to accomplish a criminal or unlawful purpose, or to

accomplish some purpose not in itself criminal or unlawful by

criminal or unlawful means."  Robert's Hawaii School Bus, Inc. v.

Laupahoehoe Transp. Co., 91 Haw. 224, 252 n.28, 982 P.2d 853, 881

n.28 (Haw. 1999), superseded by statute on other grounds as

stated in Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, 113 Haw.

77 , 148 P.3d 1179 (2006) (citations omitted).  This court has

therefore stated that "the common law tort of civil conspiracy

has three elements: (1) the formation of a conspiracy; (2)

wrongful conduct in furtherance of the conspiracy, i.e., an

actionable claim based upon deceit; and (3) damage."  Young v.

Bishop Estate, Civ. No. 09-00403 SOM-BMK, 2009 WL 3763029, at *14

(D. Haw. Nov. 6, 2009).  A civil conspiracy arises out of two or

more defendants' specific actionable conduct--it "does not alone constitute a claim for relief." Siu v. Alwis, Civ. No. 07-00386 BMK, 2010 WL 2017104, at *11 (D. Haw. June 18, 2009) (quoting Weinberg v. Mauch, 78 Haw. 40, 49, 890 P.2d 277, 286 (Haw. 1995)).

It is not clear what Plaintiffs are alleging Defendants conspired to do. Possibly they intended to allege that Defendants conspired to deprive Plaintiffs of backup, to do nothing in response to Plaintiffs' discrimination complaints, and to retaliate against Plaintiffs for complaining about discrimination. However, that is not actually alleged. Instead, the Eighth Cause of Action incorporates 229 preceding paragraphs (contained in 72 pages) and states: "Each of the Defendants conspired, and are continuing to conspire, with one or more of the other Defendants to accomplish one or more of the violations of law set forth herein in order to cause one or more of the Plaintiffs to suffer harm. . . ." TAC ¶ 231.

The Eighth Cause of Action goes on to allege that Defendants conspired to deprive Plaintiffs of their "civil and other rights" by committing "those overt acts and omissions described in the Seventh Claim for Relief." Id. ¶ 232. While the court initially went through all of the allegations preceding the Eighth Cause of Action (including the allegations in the Seventh Cause of Action), checking on what each Defendant was

18

alleged to have done with respect to each Plaintiff, the court concludes that the task is pointless if the object of the alleged conspiracy is not articulated.  The court, having indicated at the hearing that it was inclined to retain parts of the claim, ultimately recognizes that the Eighth Cause of Action is not sufficiently pled.

The court's frustration about the state of the pleadings is symbolized by Plaintiffs' statement that this court gave them permission to base their conspiracy claim on a "chain of command" theory.  Plaintiffs are blatantly wrong.  This court, in amending its order partially dismissing the Second Amended Complaint, cautioned Plaintiffs:

> The court is concerned [by] the argument in the reconsideration motion that Plaintiffs may believe that being in a chain of command is sufficient to make someone liable for civil conspiracy. That is not the law. The essence of a conspiracy is an agreement. Being in a chain of command is not, without more, an agreement at all. It is not by itself evidence that someone has knowingly joined or agreed to be part of a conspiracy. Nor can civil conspiracy rest on vicarious liability. Any new civil conspiracy claim should not assume that, if one or more individuals commit some wrongful act, all persons in the chain of command with authority over the wrongful actors necessarily must be conspirators.

Order Granting Alternative Relief Sought in Motion to Reconsider Dismissal of Count VIII (Civil Conspiracy) at 5-6, Oct. 24, 2011, ECF No. 185.  Plaintiffs were told that "any new civil conspiracy

19

claim should clearly allege what each Defendant named in the claim did that makes that Defendant liable for civil conspiracy." Id. at 5.  Plaintiffs nonetheless allege that Defendants Correa, Kealoha, Tamashiro, Simmons, McEntire, Dolera, Serrao, and Kwon participated in a civil conspiracy by virtue of being in a "chain of command."  See, e.g., TAC ¶¶ 192-193, 203.  Those allegations do not support a civil conspiracy claim.

Further emblematic of the problem with the Eighth Cause of Action are the references to an alleged agreement by Defendants not to separate Plaintiffs from those Defendants at whose hands Plaintiffs were allegedly suffering discrimination or retaliation.  Because the civil conspiracy is never sufficiently described, one cannot tell if the conspiracy being complained about was a conspiracy to keep Plaintiffs and Defendants together, see, e.g., id. ¶¶ 203, 207, or a conspiracy to have Defendants stay away from Plaintiffs when they asked Defendants to come to their assistance, see, e.g., id. ¶ 183.  While a conspirator need not have agreed to everything the conspiracy does, and while there could conceivably be subconspiracies with different members, Plaintiffs must, at a minimum, give Defendants notice of what overarching conspiracy they allegedly joined. Certain Defendants allegedly gave "tacit consent" to others' alleged actions or failed to stop those actions, but Plaintiffs provide no law providing that silence or inaction constitutes agreement to join a conspiracy.

20

In short, the nature of the conspiracy must be clearly delineated so that each Defendant's actual participation in the alleged conspiracy, as opposed to mere knowledge of it, may be examined.  Especially because not every Plaintiff was injured by every Defendant, Plaintiffs must define the single conspiracy that, in the Eighth Cause of Action, they say all Defendants joined.  Because Plaintiffs do not do this, the Eighth Cause of Action cannot be reconciled with Rule 8.

**V.        CONCLUSION.**

The court grants Defendants' motion to dismiss the Fourth Cause of Action (negligent training, negligent retention, and failure to report and investigate) to the extent it is asserted against the individual Defendants (but not to the extent it is asserted against the City); the Seventh Cause of Action (§ 1985) in its entirety; and the Eighth Cause of Action (civil conspiracy) in its entirety.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 23, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dowkin v. Honolulu Police Department, Civ. No. 10-00087 SOM/RLP; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT.