IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., AND OFFICER CASSANDRA BENNETT-BAGORIO,<br><br>        Plaintiffs,<br><br>V.<br><br>THE HONOLULU POLICE DEPARTMENT, THE CITY AND COUNTY OF HONOLULU, FORMER CHIEF OF POLICE BOISSE CORREA, CURRENT CHIEF OF POLICE LOUIS KEALOHA, ASSISTANT CHIEF MICHAEL TAMASHIRO, MAJOR KENNETH SIMMONS, MAJOR JOHN MCENTIRE, CAPTAIN NYLE DOLERA, LIEUTENANT MICHAEL SERRAO, LIEUTENANT DAN KWON, LIEUTENANT WILLIAM AXT, SERGEANT WAYNE FERNANDEZ, SERGEANT RALSTON TANAKA, OFFICER KASHIMOTORO, PAT AH LOO AND Does 1-100,<br><br>        Defendants. | CIVIL NO. 10-00087 SOM/RLP<br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

        Plaintiffs Sergeant Shermon Dean Dowkin, Officer Federico Delgadillo Martinez, Jr., and Officer Cassandra Bennett-Bagorio of the Honolulu Police Department are appealing Magistrate Judge Richard L. Puglisi's order denying their motion for leave to file a fourth amended complaint ("FAC"), ECF No.

338.[1]  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.1, a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge.  Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by a district court only if it is "clearly erroneous or contrary to law."  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  See also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

Magistrate Judge Puglisi's ruling that Plaintiffs failed to show "good cause" for amending the Rule 16 scheduling order to allow the filing of a motion to amend the complaint was

---

[1] Plaintiffs' reply violates Local Rule 74.1, which states: "No reply in support of an appeal [of a magistrate judge's order] or cross-appeal shall be filed without leave of court."  Plaintiffs did not request leave to file a reply.  The court has nonetheless reviewed the reply, which correctly indicates that the appeal was timely and also contends that the appeal challenges the denial of the request to modify deadlines and of the request to augment a memorandum.

not clearly erroneous or contrary to law. Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."

"The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citations and quotation marks omitted). Magistrate Judge Puglisi did not clearly err when he ruled, based on the record before him, that Plaintiffs had not been diligent. Plaintiffs waited nearly five months after receiving the documents that allegedly alerted them to the new facts forming the basis of the proposed FAC before moving to modify the Rule 16 scheduling order.

Plaintiffs do not appear to be arguing that Magistrate Judge Puglisi applied the wrong standard. The court nonetheless notes that it was not clearly erroneous for Magistrate Judge Puglisi to apply the Rule 16(4)(a) good cause standard rather than the more liberal Rule 15 standard. The December 30, 2011, deadline for motions to amend the pleadings set forth in the November 8, 2011, scheduling order clearly remained in effect. The "N/A" notation in the February 29, 2012, scheduling order for

3

that deadline was simply a recognition that it was unnecessary to restate the deadline because it had already passed.

Nor did Magistrate Judge Puglisi err when he denied Plaintiffs' motion to supplement their reply. Plaintiffs ostensibly needed to supplement their reply in light of documents they had received after they filed their reply. However, the record shows that Plaintiffs received those documents before the reply was actually filed.

Magistrate Judge Puglisi also ruled that Plaintiffs' proposed FAC violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. Even if they had complied with Rule 8(a)(2), Plaintiffs would not have been entitled to file the FAC in light of their lack of good cause to modify the Rule 16 scheduling order. The court nonetheless notes that it agrees with Magistrate Judge Puglisi that the proposed FAC violated Rule 8(a)(2) for the reasons stated in his order. This court has repeatedly cautioned Plaintiffs about their pleading deficiencies in rulings on other motions.

The court also acknowledges that some courts view a magistrate judge's denial of a motion for leave to amend as sometimes being a ruling on a dispositive matter that is subject to de novo review. See JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419 SOM/LEK, 2009 WL 3818247, *2-4 (D. Haw. Nov. 12, 2009) (listing cases viewing a denial of a leave to amend as

a dispositive motion).  This view is not universal, and the parties do not identify, nor has this court found, any Ninth Circuit case requiring de novo review of a magistrate judge's ruling denying leave to amend a complaint.  Plaintiffs' filings cite Local Rule 74.1, which is applicable to appeals from orders on nondispositive motions, and refer to the "clearly erroneous/contrary to law" standard, not to the de novo review standard applicable to a magistrate judge's findings and recommendations on a dispositive matter.  See 28 U.S.C. § 636(b)(1).  In the context of this case, it appears to this court that Plaintiffs are correct in reading the Magistrate Judge's denial of leave to file an amended complaint as addressing a nondispositive pretrial matter.  Indeed, the court need not even reach the denial of leave to file an amended complaint given the court's affirmance of the denial of the request to extend the Rule 16 deadline for filing a motion to file an amended complaint.

Even if the denial of leave to file an amended complaint must be reviewed de novo (a matter this court does not rule here), the result would be the same.  That is, if this court construed Magistrate Judge Puglisi's order as constituting findings and recommendations as to the motion for leave to file an amended complaint and reviewed the findings and recommendations de novo, this court would reach the very result

Magistrate Judge Puglisi reached. The court would therefore adopt those findings and recommendations.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dowkin v. Honolulu Police Department, Civ. No. 10-00087 SOM/RLP; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT