IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., and OFFICER CASSANDRA BENNETT HUIHUI,<br><br>            Plaintiffs,<br><br>     vs.<br><br>THE CITY AND COUNTY OF HONOLULU, FORMER CHIEF OF POLICE BOISSE CORREA, CURRENT CHIEF OF POLICE LOUIS KEALOHA, ASSISTANT CHIEF MICHAEL TAMASHIRO, MAJOR KENNETH SIMMONS, MAJOR JOHN MCENTIRE, CAPTAIN NYLE DOLERA, LIEUTENANT MICHAEL SERRAO, LIEUTENANT DAN KWON, LIEUTENANT WILLIAM AXT, SERGEANT WAYNE FERNANDEZ, SERGEANT RALSTAN TANAKA, OFFICER COLBY KASHIMOTO, PAT AH LOO,<br><br>            Defendants. | CIVIL 10-00087 LEK-RLP |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND JOINDERS THERETO**

Before the Court are the following motions, both filed on March 9, 2015: 1) Defendants Lieutenant Dan Kwon ("Kwon") and Sergeant Wayne Fernandez's ("Fernandez") Motion for Partial Summary Judgment Against Plaintiff Sergeant Shermon Dean Dowkin on the Sixth Cause of Action of the Third Amended Complaint (Negligent Infliction of Emotional Distress) ("NIED Motion"); and

2) Fernandez's Motion for Partial Summary Judgment Against Plaintiff Officer Cassandra Bennett Huihui on the Fifth Cause of Action of the Third Amended Complaint (Intentional Infliction of Emotional Distress) ("IIED Motion"). [Dkt. nos. 531, 533.] Defendant the City and County of Honolulu ("the City") filed a joinder in each motion on March 10, 2014. [Dkt. nos. 539, 540.]

On May 5, 2015, Plaintiffs Sergeant Shermon Dean Dowkin ("Dowkin"), Officer Frederico Delgadillo Martinez, Jr. ("Delgadillo"), and Officer Cassandra Bennett Huihui[1] ("Bennett Huihui," all collectively "Plaintiffs") filed a memorandum in opposition to the NIED Motion ("NIED Opposition"), and a memorandum in opposition to the IIED Motion ("IIED Opposition"). [Dkt. nos. 619, 616.] On May 11, 2015, Kwon and Fernandez filed their reply in support of the NIED Motion, and Fernandez filed his reply in support of the IIED Motion. [Dkt. nos. 622, 621.]

These matters came on for hearing on May 26, 2015. After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the NIED Motion, the IIED Motion, and the City's joinders thereto, are HEREBY GRANTED for the reasons set forth below.

---

[1] Prior to November 7, 2014, Bennett Huihui was referred to in the case as Cassandra Bennett-Bagorio. [Dkt. no. 483.]

**BACKGROUND**

The general factual and procedural background of this case is set forth in this Court's May 1, 2015 order addressing four defense motions for summary judgment ("5/1/15 Order"). [Dkt. no. 615.] Thus, this Court will only discuss the background hat is relevant to the instant Motion.

**I. NIED Motion**

In Count VI, Dowkin alleges an NIED claim against the City, Kwon, and Fernandez, and Bennett Huihui alleges an NIED claim against the City and Defendant Sergeant Ralstan Tanaka ("Tanaka"). [Third Amended Complaint for Compensatory, Statutory and Punitive Damages ("Third Amended Complaint"), filed 1/17/12 (dkt. no. 221), at pg. 59.] In the 5/1/15 Order, this Court granted summary judgment in favor of the City and Tanaka as to Bennett Huihui's claim on the ground that her "NIED claim is subject to the general rule that Chapter 386 is the exclusive remedy for work-related injuries that are not related to sexual harassment or sexual assault." [5/1/15 Order at 26.] Kwon and Fernandez now seek summary judgment as to Dowkin's NIED claim against them.

Plaintiffs allege that Kwon, Fernandez, and the other defendants[2] discriminated against Dowkin because of his race and

---

[2] The Court will refer to all of the defendants collectively as "Defendants." See 5/1/15 Order at 4 (listing all Defendants).

retaliated against him for complaining about the discrimination. The Third Amended Complaint alleges that: Kwon failed to respond to Dowkin's informal complaint about the failure to provide back-up cover and the failure to provide assistance during arrests; Kwon and Fernandez made racist comments about Dowkin; Fernandez ordered patrol officers not to provide back-up cover or other assistance in processing arrests for Dowkin and other members of the driving under the influence ("DUI") team;[3] Kwon allowed Fernandez's order to stand, in spite of Dowkin's protests; Fernandez ordered Delgadillo to abandon his cover of Dowkin during a September 14, 2007 traffic stop; Kwon failed to assist Dowkin in the processing of the arrest of an intoxicated person and allegedly played computer games instead; in retaliation for the complaints Dowkin wrote about the failure to provide back-up cover, Kwon advocated to disband the DUI team; Kwon and Fernandez ordered Dowkin to prepare unnecessary memoranda that blemished his personnel file; Kwon and Fernandez imposed training and procedural requirements on Dowkin that were not required of other officers; and Fernandez allowed racist remarks regarding African-Americans to be made in Dowkin's presence at a shift briefing.

---

[3] Plaintiffs allege that: "In 2003, Sgt. Dowkin was assigned to head an elite team to enforce DUI laws in District 4, which would require Sgt. Dowkin and the officers on his team to make potentially dangerous traffic stops of individuals under the influence of drugs and/or alcohol." [Third Amended Complaint at ¶ 37.] Delgadillo worked under Dowkin as a DUI team officer. [Id. at ¶ 40.]

4

See, e.g., Third Amended Complaint at ¶¶ 61, 84-85, 88-89, 92-94, 96-97, 103, 105, 109, 132, 141. Count VI alleges that "[b]y committing the[se] acts . . . , Kwon and Fernandez inflicted emotional distress on Plaintiff Dowkin resulting in physical injury to Plaintiff Dowkin." [Id. at ¶ 172.] The Third Amended Complaint alleges that, as a result of the stress from the accumulation of Defendants' actions, he was hospitalized for a heart ailment. [Id. at ¶ 131.]

In the NIED Motion, Kwon and Fernandez argue that they are entitled to summary judgment because: Dowkin's NIED claim is barred by the exclusive remedy provisions of Hawaii's workers' compensation law, Haw. Rev. Stat. §§ 386-3, 386-5; assuming, *arguendo*, that the clam is not barred, Plaintiffs' evidence of his alleged heart condition is not sufficient to establish a predicate injury for an NIED claim; and Plaintiffs have not presented sufficient evidence to raise a genuine issue of material fact as to the cause of his heart condition.

## II. **IIED Motion**

Count V alleges that:

> By committing the acts and omissions described above, Defendants Tanaka and [Officer Colby] Kashimoto [("Kashimoto")] inflicted emotional distress on all of the Plaintiffs; Defendant [Lieutenant William] Axt [("Axt")] inflicted emotional distress on Plaintiffs Dowkin and Delgadillo; and Defendant Fernandez inflicted emotional distress on Plaintiff Bennett-Bagorio (regarding his intentional November 28, 2011 entry into Ofc. Bennett-Bagorio's secure [Honolulu

> Police Department ("HPD")] workplace on June 2, 2011, described in Paragraph 49 above).

[Third Amended Complaint at ¶ 167.] The reference to November 28, 2011 appears to be an error that should refer to June 2, 2011, and the reference to paragraph 49 appears to be an error that should refer to paragraph 48, which alleges:

> On June 2, 2011, Defendant Fernandez, now a civilian, gained entry into Ofc. Bennett-Bagorio's secure work place at HPD Central Receiving, with the intent to cause. [sic] or with reckless disregard that his actions would cause, Ofc. Bennett-Bagorio to suffer severe and extreme emotional distress, and Ofc. Bennett-Bagorio did, in fact, suffer severe and extreme emotional distress as a result. Although not authorized, Defendant Fernandez gained entry to Ofc. Bennett-Bagorio's secure work place with the aid and agreement of officers of Defendant City, thus conspiring to cause Ofc. Bennett-Bagorio to suffer harm.

[Id. at ¶ 48.] The Court will refer to this incident as "the Receiving Desk Incident." At the time of the Receiving Desk Incident, Plaintiffs had already filed this action, and Fernandez was one of the named defendants. See First Amended Complaint for Compensatory, Statutory and Punitive Damages and for Injunctive Relief Prohibiting Illegal and Life-Threatening Racial and Gender Discrimination and Retaliation, filed 3/30/10 (dkt. no. 5), at ¶ 17.

In the IIED Motion, Fernandez argues that he is entitled to summary judgment as to Bennett Huihui's IIED claim because she cannot present facts that would support an IIED

6

claim. Her response to the relevant defense discovery request shows that he did not interact with her at all on June 2, 2011; all he did was walk behind her. Fernandez argues that no reasonable person could find that merely walking behind someone rises to the level of outrageous conduct necessary to support an IIED claim. He therefore argues that this Court can rule on the outrageousness issue as a matter of law.

## **DISCUSSION**

I. **NIED Motion**

>The Hawai`i Workers' Compensation Law provides:
>
>The rights and remedies herein granted to an employee . . . on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, . . . at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

Haw. Rev. Stat. § 386-5.

In the 5/1/15 Order, this Court rejected Bennett Huihui's arguments that: § 386-5 only barred her from bringing an NIED claim based on the incident which was the subject of her workers' compensation claim; and she could pursue NIED claims based on other contemporaneous incidents which were not included in her workers' compensation claim. This Court stated: "Bennett Huihui cites no authority for the proposition that a claimant can intentionally omit a known work-related injury from a workers'

7

compensation claim in order to file a civil action based upon that injury." [5/1/15 Order at 23.] In the NIED Motion, Plaintiffs present a similar argument regarding the remaining portions of Count VI. They argue that:

> In this case, it would be unfair to prevent Sgt. Dowkin from pursuing his claims in the Sixth Cause of Action despite the willful and wanton misconduct perpetrated against him by the defendants just because his physical and emotional injuries have not prevented him from working; especially in light of the fact that there is no potential for double recovery.

[NIED Opp. at 11-12.] Nothing in § 386-5 suggests that employees are only limited to the remedies available under Chapter 386 when their work injuries prevent them from working. Chapter 386 does not allow employees to elect between pursing workers' compensation remedies or NIED claims.

Further, based on the same analysis that this Court set forth in the 5/1/15 Order regarding Bennett Huihui's NIED claim, even if Hawai`i law did allow Dowkin to make such an election, his claim would still fail as a matter of law.[4] His NIED claim does not fall within the § 386-5 exception for claims alleging the infliction of emotional distress related to sexual harassment or sexual assault, and this Court has predicted that the Hawai`i Supreme Court would hold that the exception to the exclusivity

---

[4] This Court has recognized that it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims, and therefore Hawai`i substantive law applies to the analysis of those claims. [5/1/15 Order at 24 n.11.]

8

rule for IIED claims arising from discrimination in violation of § 378-2 does not apply to NIED claims.  See 5/1/15 Order at 23-26.

Thus, This Court FINDS that there are no genuine issues of material fact regarding Dowkin's NIED claim and CONCLUDES that Kwon and Fernandez are entitled to summary judgment as to Count VI because, as a matter of law, Dowkin's claim is barred by § 386-5.  See Fed. R. Civ. P. 56(a) (stating that a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").  The NIED Motion is therefore GRANTED.

**II. IIED Motion**

    **A. Scope of Bennett Huihui's IIED Claim**

The first issue that this Court must address is the scope of Bennett Huihui's IIED claim against Fernandez. Plaintiffs urge this Court to reject Fernandez's argument that the claim is limited to the Receiving Desk Incident.  They emphasize that the incident was the culmination of all of Fernandez's discriminatory and retaliatory actions against Bennett Huihui.  It is Plaintiffs' position that Count V incorporates all of the incidents alleged in the Third Amended Complaint against Fernandez.  In particular, Plaintiffs argue that the basis of Bennett Huihui's IIED claim against Fernandez

9

includes the issuance of "a specific order, in direct violation of HPD policy, to the officers of the First Watch in District 4 that they were not to provide backup cover for the DUI team (Sgt. Dowkin and Ofc. Delgadillo)." [Third Amended Complaint at ¶ 43.] Plaintiffs emphasize that this Court has ruled that whether Tanaka's failure to provide Bennett Huihui with back-up cover during the October 18, 2010 "Porky's Incident"[5] was sufficiently outrageous to support an IIED claim is an issue of fact for the jury. See 5/1/15 Order at 42-43 (denying Tanaka's motion for summary judgment as to Bennett Huihui's IIED claim). They argue that Tanaka's failure to provide Bennett Huihui with back-up cover during the Porky's Incident was the result of the influence of Fernandez, Kashimoto, and Axt. [IIED Opp. at 12.]

The only paragraph of Count V that makes a specific factual allegation regarding Fernandez is paragraph 167, which asserts that he inflicted emotional distress on Bennett Huihui during the Receiving Desk Incident. It is true that the previous paragraph states that "Plaintiffs reallege and incorporate by reference every allegation stated herein." [Third Amended Complaint at ¶ 166.] However, while paragraph 167's allegations against Tanaka, Kashimoto, and Axt are general and are consistent with the incorporation of the preceding paragraphs, the specific

---

[5] This Court described the Porky's Incident in the 5/1/15 Order at pages 6 and 10 to 13.

10

reference to a single incident involving Fernandez is inconsistent with such incorporation.

Plaintiffs offer, *inter alia*, Bennett Huihui's deposition testimony as support for their argument that the scope of her IIED claim against Fernandez is broader than just the Receiving Desk Incident. [Pltfs.' Separate Concise Statement of Facts in Supp. of IIED Opp. ("Pltfs.' IIED CSOF"), filed 5/4/15 (dkt. no. 618), Decl. of Counsel, Exh. A (excerpts of trans. of 4/5/11-4/7/11 depo. of Officer Cassandra Bennett-Bagorio ("Bennett Huihui Depo.")).] During her deposition, Bennett Huihui testified extensively about Fernandez's orders that she not assist or provide back-up cover to the DUI team, and the consequences that she suffered when she disobeyed those orders. See, e.g., id. at 42, 48, 64-66, 80-81. Although Plaintiffs' counsel was aware of this testimony when they drafted the Third Amended Complaint, they still chose language that specifically limited Bennett Huihui's IIED claim against Fernandez to the Receiving Desk Incident. If counsel intended to base Bennett Huihui's IIED claim on all previous allegations regarding Fernandez, counsel could have used the same general language that they used to describe the IIED claims against Tanaka, Kashimoto, and Axt.

Further, in interpreting Plaintiffs' IIED claim, which arises under state law, the Court must apply the common principle

11

in Hawai`i law that a specific provision controls over a general one.  Cf. Baqui v. Burlington Ins. Co., Civil No. 10-00774 LEK-BMK, 2011 WL 1254084, at *8 (D. Hawai`i Mar. 31, 2011) (noting that, when a general provision of a contract conflicts with specific provisions, "the 'specific controls the general'" (quoting Kaiser Hawaii Kai Dev. Co. v. Murray, 49 Haw. 214, 227, 412 P.2d 925, 932 (1966))); Kinkaid v. Bd. of Review of City & Cnty. of Honolulu, 106 Hawai`i 318, 323, 104 P.3d 905, 910 (2004) ("When faced with a plainly irreconcilable conflict between a general and a specific statute concerning the same subject matter, this court invariably favors the specific." (citations and internal quotation marks omitted)).  This Court therefore concludes that the specific limitation in paragraph 167 of Bennett Huihui's IIED claim against Fernandez to the Receiving Desk Incident controls over the general language in paragraph 166 incorporating the allegations in all previous paragraphs.  Thus, this Court CONCLUDES that Bennett Huihui's IIED claim against Fernandez is not based on either his involvement in the denial of back-up cover or any other incident beyond the Receiving Desk Incident.[6]  This Court emphasizes that its ruling that Bennett

---

[6] This Court notes that its ruling is consistent with the prior orders issued by Chief United States District Judge Susan Oki Mollway, who previously presided over this case. Chief Judge Mollway never interpreted Bennett Huihui's IIED claim against Fernandez to extend beyond the Receiving Desk Incident. For example, in a July 3, 2012 order that, *inter alia*, denied
(continued...)

12

Huihui's IIED claim against Fernandez is limited to the Receiving Desk Incident does not apply to any of Bennett Huihui's other claims against Fernandez.

**B.    Merits of Bennett Huihui's IIED Claim**

The standards that this Court applies when reviewing Plaintiffs' IIED claims are set forth in the 5/1/15 Order at pages 36 to 38.

During discovery, Bennett Huihui described the Receiving Desk Incident as follows:

> Defendant Fernandez was later permitted to further inflict emotional distress upon me by being allowed entry into my "secure" workplace in Central Receiving after Defendant Fernandez had retired from the Department.
>
> On June 2, 2011, about 1100 hours, in the course of my duty assigned to Central Receiving, I was confronted by Wayne Fernandez, who had retired from Honolulu Police Department and brought a pizza into the facility for other employees.
>
> Although I tried my hardest to avoid him, Fernandez subsequently walked behind me making his presence known.
>
> I feel that Fernandez [sic] actions were deliberate to intimidate and harass me at my new work assignment. He is retired from HPD and should not be in this secured facility

---

[6](...continued)
Plaintiffs leave to file a fourth amended complaint, Chief Judge Mollway noted that the Third Amended Complaint "added a claim for IIED by Bennett-Bagorio against Fernandez based upon an alleged visit he made to HPD's Central Receiving on June 2, 2011." Dkt. no. 338 at 8, *available at* 2012 WL 2577572.

> I feel that he was obviously trying to make his
> presence known and reestablish his authoritative
> connection with the staff at [the Central
> Receiving Desk].
>
> His actions caused me emotional distress as I had
> a difficult time completing my shift. I felt
> unsafe and physically ill. I tried to hide my
> tears from my co-workers by retreating to the
> adult sally port.
>
> I was assured there was a "good faith agreement"
> from the defendants, including Wayne Fernandez, in
> lieu of a formal Injunction Against Harassment.
> It is clear that the Department cannot protect me.

[Fernandez's Concise Statement of Facts in Supp. of IIED Motion ("Fernandez's IIED CSOF"), filed 3/9/15 (dkt. no. 534), Aff. of Cary Tanaka, Exh. A (Bennett Huihui's Responses to the City's First Request for Answers to Interrogs., dated 10/17/11 ("Bennett Huihui Interrogs.")) at 12-13.] Bennett Huihui also stated in an affidavit that Fernandez "came to my place of work to retaliate and harass me when I was recovering [from the Porky's Incident] on light duty." [Pltfs.' IIED CSOF, Aff. of Cassandra Bennett Huihui ("Bennett Huihui Aff.") at ¶ 4.k.[7]]

The Ninth Circuit has stated:

> Self-serving affidavits may be cognizable on
> motions for summary judgment if they go beyond
> conclusions and include facts that would be
> admissible in evidence, see United States v.
> Shumway, 199 F.3d 1093, 1103-04 (9th Cir. 1999),
> but "a conclusory, self-serving affidavit, lacking
> detailed facts and any supporting evidence, is
> insufficient to create a genuine issue of material

---

[7] The Bennett Huihui Affidavit is not dated, but it was notarized on February 20, 2015. [Bennett Huihui Aff. at pg. 13.]

> fact," FTC v. Publ'g Clearing House, Inc., 104
> F.3d 1168, 1171 (9th Cir. 1997); see also
> Rodriguez v. Airborne Express, 265 F.3d 890, 902
> (9th Cir. 2001) (summary judgment inappropriate
> where plaintiff set forth facts directly relevant
> to claim with "great specificity"); McLaughlin [v.
> Liu], 849 F.2d [1205,] 1206 [(9th Cir. 1988)]
> (nonmoving party survived summary judgment where
> he relied on sworn affidavit that included
> specific factual averments, sworn answers to
> interrogatories, and payroll documentation
> supporting his factual allegations).

Burchett v. Bromps, 466 F. App'x 605, 607 (9th Cir. 2012).

Plaintiffs have not identified any evidence which supports Bennett Huihui's subjective belief that, on June 2, 2011, Fernandez came to the Receiving Desk to intimidate, harass, or retaliate against her. In fact, Bennett Huihui stated that Fernandez brought a pizza to the facility for other employees. [Bennett Huihui Interrogs. at 13.] Plaintiffs have not identified any evidence which supports Bennett Huihui's subjective belief that Fernandez "walked behind" her to intimidate, harass, or retaliate against her. This Court finds that Bennett Huihui's conclusory, self-serving statements in her interrogatory response and affidavit are insufficient to create a genuine issue of material fact as to whether Fernandez intended to cause her emotional distress during the Receiving Desk Incident.

Even viewing the record in the light most favorable to Plaintiffs,[8] the evidence merely indicates that, on June 2, 2011: 1) Fernandez came to the HPD facility to bring pizza to other employees; 2) he entered a secured area even though he was retired from HPD at the time; 3) he walked behind Bennett Huihui; and 4) there was a "good faith agreement" in place between Plaintiffs and Defendants in lieu of a preliminary injunction. Whether Fernandez's conduct under these circumstances was sufficiently outrageous to support an IIED claim is for this Court to decide because reasonable people would not differ as to this issue. See Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008) ("The question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury." (citation and quotation marks omitted)). This Court cannot find that Fernandez's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Ross v. Stouffer Hotel Co. (Hawai`i) Ltd., Inc.,

---

[8] This district court has stated that, in considering a motion for summary judgment, "[a]ll evidence and inferences must be construed in the light most favorable to the nonmoving party." Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, Civil No. 12-00486 SOM-BMK, 2015 WL 1442961, at *4 (D. Hawai`i Mar. 27, 2015) (citing T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

76 Hawai`i 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (quoting Restatement (Second) of Torts § 46, cmt. d. (1965)).

This Court concludes that Plaintiffs cannot establish one of the required elements of Bennett Huihui's IIED claim against Fernandez. This Court therefore FINDS that there is no genuine issue of material fact and that Fernandez is entitled to summary judgment as to Bennett Huihui's IIED claim against him. Fernandez's IIED Motion is GRANTED.

## **CONCLUSION**

On the basis of the foregoing, Kwon and Fernandez's Motion for Partial Summary Judgment Against Plaintiff Sergeant Shermon Dean Dowkin on the Sixth Cause of Action of the Third Amended Complaint (Negligent Infliction of Emotional Distress), and Fernandez's Motion for Partial Summary Judgment Against Plaintiff Officer Cassandra Bennett Huihui on the Fifth Cause of Action of the Third Amended Complaint (Intentional Infliction of Emotional Distress), both filed March 9, 2015, are HEREBY GRANTED. Further, the City's joinders in the motions, both filed on March 10, 2015, are HEREBY GRANTED as joinders of simple agreement.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 18, 2015.



      /s/ Leslie E. Kobayashi  
Leslie E. Kobayashi  
United States District Judge

**SERGEANT SHERMAN DEAN DOWKIN, ET AL. VS. THE CITY AND COUNTY OF HONOLULU, ET AL**; CIVIL 10-00087 LEK-RLP; ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND JOINDERS THERETO