IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., and OFFICER CASSANDRA BENNETT HUIHUI,<br><br>      Plaintiffs,<br><br>  vs.<br><br>THE CITY AND COUNTY OF HONOLULU, FORMER CHIEF OF POLICE BOISSE CORREA, CURRENT CHIEF OF POLICE LOUIS KEALOHA, ASSISTANT CHIEF MICHAEL TAMASHIRO, MAJOR KENNETH SIMMONS, MAJOR JOHN MCENTIRE, CAPTAIN NYLE DOLERA, LIEUTENANT MICHAEL SERRAO, LIEUTENANT DAN KWON, LIEUTENANT WILLIAM AXT, SERGEANT WAYNE FERNANDEZ, SERGEANT RALSTAN TANAKA, OFFICER COLBY KASHIMOTO, PAT AH LOO,<br><br>      Defendants. | CIVIL 10-00087 LEK-RLP |

**ORDER: 1) GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFFS SERGEANT SHERMON DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., AND OFFICER CASSANDRA BENNETT HUIHUI ON PUNITIVE DAMAGES; 2) GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION OF THE THIRD AMENDED COMPLAINT (NEGLIGENT TRAINING, NEGLIGENT RETENTION, FAILURE TO REPORT AND INVESTIGATE); AND 3) GRANTING PARTIAL SUMMARY JUDGMENT AGAINST DOWKIN ON THE SIXTH CAUSE OF ACTION (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

Before the Court are the following motions, all filed on April 8, 2015: 1) Defendant City & County of Honolulu's ("the

City") Motion for Partial Summary Judgment Re: Punitive Damages ("Punitive Damages Motion"); 2) the City's Motion for Partial Summary Judgment Re: Fourth Cause of Action of Third Amended Complaint (Negligent Training, Negligent Retention, Failure to Report and Investigate) ("Count IV Motion"); and 3) the City's Motion for Partial Summary Judgment Against Plaintiff Sergeant Shermon Dean Dowkin Re: Sixth Cause of Action of Third Amended Complaint (Negligent Infliction of Emotional Distress) ("NIED Motion"). [Dkt. nos. 576, 578, 580.]

On May 18, 2015, Plaintiffs Sergeant Shermon Dean Dowkin ("Dowkin"), Frederico Delgadillo Martinez, Jr. ("Delgadillo"), and Cassandra Bennett Huihui[1] ("Bennett Huihui," "Plaintiffs") filed their memorandum in opposition to the Count IV Motion ("Count IV Opposition"), and Dowkin filed his memorandum in opposition to the NIED Motion ("NIED Opposition").[2] [Dkt. nos. 650, 646.] On May 22, 2015, the City filed replies in support of its Count IV Motion ("Count IV Reply") and NIED Motion ("NIED Reply"). [Dkt nos. 658, 659.]

---

[1] Prior to November 7, 2014, Bennett Huihui was referred to in the case as Cassandra Bennett-Bagorio. [Dkt. no. 483.]

[2] Plaintiffs did not file a response to the Punitive Damages Motion.

These matters came on for hearing on June 8, 2015. Plaintiffs filed additional exhibits with regard to their Count IV Opposition on June 24, 2015.[3] [Dkt. no. 699.] After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the City's Count IV Motion, Punitive Damages Motion, and NIED Motion are HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The general factual and procedural background of this case is set forth in this Court's May 1, 2015 order addressing four previous defense motions for summary judgment ("5/1/15 Summary Judgment Order"). [Dkt. no. 615.] Thus, this Court will only discuss the events and issues that are relevant to the instant Motion.

I. **Count IV Motion**

In Count IV, Plaintiffs allege work-related claims for negligent training against Sergeant Ralstan Tanaka ("Tanaka"), Lieutenant Dan Kwon ("Kwon"), Lieutenant Wayne Fernandez ("Fernandez") and the City, and negligent retention and failure to report and investigate against Officer Colby Kashimoto ("Kashimoto"), Tanaka, Kwon, Fernandez, and the City. [Third

---

[3] On July 8, 2015, Exhibits 4 and 7 were sealed. [Order Granting in Part and Denying in Part Defendant the City and County of Honolulu's Motion for Leave to File Plaintiffs' [699] Exhibits 1-7 Under Seal, filed 07/08/15 (dkt. no. 709).]

Amended Complaint for Compensatory, Statutory and Punitive Damages ("Third Amended Complaint"), filed 1/17/12 (dkt no. 221), at pg. 54.] Chief United States District Judge Susan Oki Mollway, who previously presided over this case, dismissed Count IV as to Tanaka, Kwon, Fernandez, and Kashimoto.[4] [Order Granting Defendants' Motion for Partial Dismissal of Third Amended Complaint, filed 7/23/12 (dkt. no. 382) ("7/23/12 Dismissal Order"), at 7-12.[5]]

Plaintiffs allege that, pursuant to the doctrine of *respondeat superior*, the City is liable for the other Defendants' failure to: (1) establish anti-discrimination and anti-retaliation policies and procedures in accordance with federal and state law; (2) train and supervise Honolulu Police Department ("HPD") employees regarding those policies and procedures; (3) train and supervise HPD employees regarding policies and procedures necessary to insure patrol officer safety through, *inter alia*, back-up cover; (4) investigate all complaints, including Plaintiffs', of alleged discrimination, retaliation, and violations of HPD policies; (5) terminate or discipline offenders accordingly; and (6) take effective steps to protect Plaintiffs from harm, which amounted to tacit ratification of all

---

[4] Plaintiffs do not allege a claim against the City for failure to report. [Third Amended Complaint at ¶ 160.]

[5] The 7/23/12 Dismissal Order is also available at 2012 WL 3012643.

4

or some of the other Defendants' illegal misconduct.  In
addition, Plaintiffs argue that the City is directly liable for
its failure to conduct proper investigations in light of
Plaintiffs' evidence, which falls below the requisite standard of
care and evidences negligence.  [Third Amended Complaint at
¶¶ 82-83, 160-62.]

In its Count IV Motion, the City argues that it is
entitled to summary judgment on Plaintiffs' Count IV claims
because negligence claims, including negligent training,
negligent retention, and failure to investigate, are barred by
the exclusive remedy provisions of Hawaii's workers' compensation
law, Haw. Rev. Stat. § 386-5.  Further, the City argues that,
because the Third Amended Complaint alleges that Tanaka, Kwon and
Fernandez acted within, rather than outside, the scope of their
employment, Plaintiffs fail to state a claim against the City for
negligent training.

## II.  **Punitive Damages Motion**

Plaintiffs allege that Defendants' discriminatory
behavior was "extreme, cruel, malicious and outrageous," and that
the Court should therefore award Plaintiffs punitive damages.
[Third Amended Complaint at ¶ 236.]

In its Punitive Damages Motion, the City argues that it
cannot be held liable for punitive damages.  Specifically, the
City contends that, under Hawai`i law, municipalities cannot be

held liable for punitive damages because doing so shifts the burden onto innocent taxpayers. [Mem. in Supp. of Punitive Damages Motion at 4 (citing Lauer v. YMCA, 557 P.2d 1134 (1976)).]

**III. NIED Motion**

In Count VI, Dowkin alleges a NIED claim against the City, Kwon, and Fernandez, and Bennett Huihui alleges a NIED claim against the City and Tanaka. [Third Amended Complaint at pg. 59.] In the 5/1/15 Summary Judgment Order, this Court granted summary judgment in favor of the City and Tanaka as to Bennett Huihui's claim on the grounds that her "NIED claim is subject to the general rule that Chapter 386 is the exclusive remedy for work-related injuries that are not related to sexual harassment or sexual assault." [5/1/15 Summary Judgment Order at 26.] The City now seeks summary judgment as to Dowkin's NIED claim.

Count VI alleges that, "[b]y committing the acts described above, Defendant[] City & County . . . inflicted emotional distress on Plaintiff Dowkin resulting in physical injury to Plaintiff Dowkin." [Third Amended Complaint at ¶ 172.] Regarding Dowkin's injuries, the Third Amended Complaint alleges:

> 131. . . . The stress inflicted upon Sgt. Dowkin by the Defendants in connection with [his order to rewrite Delgadillo's performance rating], in addition to the accumulation of the events described above perpetrated by the Defendants, caused Sgt. Dowkin to be hospitalized for a heart

ailment for the first time in his life. . . .

[Id. at ¶ 131.]

In its NIED Motion, the City claims that it is entitled to summary judgment because Dowkin's Count VI claims are barred by the exclusive remedy provisions of § 386-5. The City argues that Dowkin's NIED claim is based upon a "work injury," which arose out of alleged activity that occurred within the scope of his employment, and does not fall under § 386-5's narrow sexual harassment exception.

## DISCUSSION

### I. Count IV Motion

The City argues that § 386-5 bars Plaintiffs' claims against their employer for negligent training, negligent retention, and failure to investigate. The general rule is that, "[t]he Hawaii Workers' Compensation law provides the exclusive remedy for an employee to recover for a work injury against his or her employer, except for claims arising from sexual harassment or sexual assault and emotional distress or invasion of privacy related thereto." Wilson v. Fresenius Med. Care Oahu, LLC, No. CV 13-00223 HG-RLP, 2014 WL 3529775, at *7 (D. Hawai`i July 15, 2014) (citation omitted). This district court has noted that one of the key purposes of Hawaii's workers' compensation scheme is to eliminate suits based on workplace negligence. Id. (citing Iddings v. Mee-Lee, 82 Hawai`i 1, 919 P.2d 263, 269-70 (Haw.

7

1996)).  Accordingly, the court "consistently reject[s] challenges to the exclusivity provision . . . ."  <u>Antoku v. Hawaiian Elec. Co.</u>, 266 F. Supp. 2d 1233, 1236 (D. Hawai`i 2003) (citations omitted).

Insofar as the alleged events occurred while all parties were acting within their respective professional roles, this Court finds that all of the Count IV claims are based on "work-injuries" for purposes of § 386-5.  This Court also finds that each of Plaintiffs' claims in Count IV is "negligence based."  <u>See</u> <u>Antoku</u>, 266 F. Supp. 2d at 1236-37.  Thus, they are precisely the types of claims that the Hawai`i State Legislature, in enacting § 386-5, intended to limit to the workers' compensation scheme.  <u>See</u> <u>Wilson</u>, 2014 WL 3529775 at *7; <u>see also</u> <u>Clemmons v. Hawaii Med. Servs. Ass'n</u>, 273 F.R.D. 653, 659 (D. Hawai`i 2011) ("§ 386-5 bars common law negligent employment claims arising out of allegations of discrimination") (citations omitted).

In an attempt to circumvent the § 386-5 issue, Plaintiffs argue that based on the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, § 386-5 is preempted by Title VII of the Civil Rights Act of 1964, and that their Count IV claims therefore remain actionable.  However, interpreting Count IV as alleging Title VII claims would be repetitive, insofar as Count I already asserts Title VII claims

8

for "Discrimination in Terms and Conditions of Employment Because of Race and Gender." [Third Amended Complaint at pg. 48.] The Court also notes that Count IV does not cite or refer to Title VII. The Court therefore does not interpret Count IV to allege Title VII claims. Accord Black v. City & Cnty. of Honolulu, 112 F. Supp. 2d 1041, 1047-56, 1049 (D. Hawai`i 2000) (analyzing Title VII and common law claims, such as negligence, separately); Hughes v. Mayoral, 721 F. Supp. 2d 947, 957-67 (D. Hawai`i 2010) (same).

Plaintiffs argue that the 7/23/12 Dismissal Order constitutes the law of the case, and that Chief Judge Mollway's Count IV dismissal therefore controls the instant Motion.[6] This Court disagrees. The Count IV Motion differs from the motion at issue in the 7/23/12 Dismissal Order in regards to both the type of motion as well as the identity of the moving Defendant. The prior motion sought dismissal of Count IV "to the extent it [was] asserted against any individual Defendant," 7/23/12 Dismissal Order, 2012 WL 3012643, at *3, whereas the instant Motion requests summary judgment against the City. Further, in the

---

[6] This district court has stated that, "[u]nder the law of the case doctrine, a court is 'generally precluded from reconsidering an issue previously decided by the same court' if 'the issue in question [was] decided explicitly or by necessary implication in [the] previous disposition.'" U.S. E.E.O.C. v. Global Horizons, Inc., 904 F. Supp. 2d 1074, 1091 (D. Hawai`i 2012) (some alterations in Global Horizons) (quoting United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)).

9

prior motion, Defendants did not argue that the Count IV claims against the City were barred because of the exclusive remedy provision of § 386-5 nor did they raise the issue of whether the Third Amended Complaint fails to state a claim against the City for negligent training.  Id. at *3-5.  Accordingly, the 7/23/12 Dismissal Order does not control the disposition of the Count IV Motion.

This Court FINDS that there are no genuine issues of material fact regarding Plaintiffs' Count IV claims and CONCLUDES that the City is entitled to summary judgment as to Count IV because, as a matter of law, Plaintiffs' claims are barred by § 386-5.  See Fed. R. Civ. P. 56(a) (stating that a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").  The City's Count IV Motion is therefore GRANTED.

## II. **Punitive Damages Motion**

Under Hawai`i law, an award of punitive damages is only permissible when "the egregious nature of the defendant's conduct" makes punishment and deterrence of that behavior appropriate.  Masaki v. Gen. Motors Corp., 71 Haw. 1, 6, 780 P.2d 566, 570 (1989).  As to the municipality exception argued by the City, the Hawai`i Supreme Court has stated:

> Public policy dictates the conclusion that the
> City, as a municipal corporation, should not be

> held liable for punitive damages. The innocent
> taxpayers, the intended beneficiary from the
> public example which the punishment makes of the
> wrongdoer, should not be made to suffer. The
> deterrent or retributive effect of punitive
> damages must be placed squarely on the shoulders
> of the wrongdoer. . . .

Lauer, 57 Haw. at 403, 557 P.2d at 1342.

This district court has followed the state court standard announced in Lauer, concluding that, "[m]unicipalities such as [the City] cannot be held liable for punitive damages." Siu v. De Alwis, Civ. No. 07-00386 DAE-LEK, 2009 WL 1789319, at *11 (D. Hawai`i June 18, 2009) (citations omitted). This Court FINDS that there are no genuine issues of material fact regarding Plaintiffs' request for punitive damages against the City and CONCLUDES that the City is entitled to summary judgment as a matter of law. The City's Punitive Damages Motion is therefore GRANTED.

### III. **NIED Motion**

In the NIED Motion, the City raises the same arguments that Kwon and Fernandez raised in a similar motion. See Motion for Partial Summary Judgment Against Plaintiff Sergeant Shermon Dean Dowkin on the Sixth Cause of Action of the Third Amended Complaint (Negligent Infliction of Emotional Distress), filed 3/9/15 (dkt. no. 539). This Court, *inter alia*, granted Kwon and Fernandez's motion in an order issued on June 18, 2015 ("6/18/15

Summary Judgment Order"). [Dkt. no. 692.[7]] For the same reasons set forth in the 6/18/15 Summary Judgment Order, 2015 WL 3822282, at *3, this Court FINDS that there are no genuine issues of material fact regarding Dowkin's NIED claim against the City and CONCLUDES that they City is entitled to summary judgment as to that claim. The City's NIED Motion is therefore GRANTED.

### CONCLUSION

On the basis of the foregoing, the following motions, all filed by Defendant City and County of Honolulu on April 8, 2015, are HEREBY GRANTED:

-Motion for Partial Summary Judgment Re: Punitive Damages;

-Motion for Partial Summary Judgment Re: Fourth Cause of Action of Third Amended Complaint (Negligent Training, Negligent Retention, Failure to Report and Investigate); and

-Motion for Partial Summary Judgment Against Plaintiff Sergeant Shermon Dean Dowkin Re: Sixth Cause of Action of Third Amended Complaint (Negligent Infliction of Emotional Distress)

IT IS SO ORDERED.

---

[7] The 6/18/15 Summary Judgment Order is also available at 2015 WL 3822282.

DATED AT HONOLULU, HAWAII, JULY 10, 2015.



/s/ Leslie E. Kobayashi  
Leslie E. Kobayashi  
United States District Judge

**SERGEANT SHERMON DEAN DOWKIN, ET AL. VS. THE CITY AND COUNTY OF HONOLULU, ET AL; CV 10-00087 LEK-RLP; ORDER: 1) GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFFS SERGEANT SHERMAN DEAN DOWKIN, OFFICER FEDERICO DELGADILLO MARTINEZ, JR., AND OFFICER CASSANDRA BENNETT HUIHUI ON PUNITIVE DAMAGES; 2) GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION OF THE THIRD AMENDED COMPLAINT (NEGLIGENT TRAINING, NEGLIGENT RETENTION, FAILURE TO REPORT AND INVESTIGATE); AND 3) GRANTING PARTIAL SUMMARY JUDGMENT AGAINST DOWKIN ON THE SIXTH CAUSE OF ACTION (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**